GEO. CAMERON ET AL. *v.* WHITTINGTON & McGHEE.

[82 South. 311, Division B, No. 20842.]

1. TAXATION. *Sale for non-payment. Irregularities in assessment filing roll. Meeting of board. Notice to tax payers.*

Code 1906, section 4303, requiring an assessor among other things when he files his roll to publish notice thereof and date of the meeting of the board of supervisors to consider the same is mandatory, and in the absence of such notice the collector cannot make a valid sale of the land for default in the payment of the taxes.

2. SAME.

The notices required by section 4303, Code 1906, form a part of a statutory substitute for personal summons and under the state and federal constitutions notice must be given the taxpayers and opportunity to be heard before the assessment can become final and binding.

APPEAL from the chancery court of Franklin county. HON. R. W. CUTRER, Chancellor.

Bill by Wittington & McGhee against Geo. Cameron and others. From a judgment for plaintiff, defendants appeals.

The facts are fully stated in the opinion of the court.

*Theo. McKnight,* for appellant.

Invalidity of Assessment Roll of 1909. The land assessment roll of Franklin County for 1909, under

which the sale in dispute was made was not returned and filed on the First Monday in July as required by sec. 4291, Code 1906; the board of supervisors did not extend the time until the First Monday in August as provided and required by section 4293, Code 1906, but ordered the assessor to file his land roll on July 15, 1909. The assessor filed his said roll on July 14, 1909. No notice of the filing of said roll nor the time for the making of objections thereto was published as required by sections 4295 and 4303, Code 1906. The land roll was not approved by the board of supervisors until the 18th day of September, 1909.

The facts of record in regard to the return and approval of the land assessment roll of Franklin County for 1909, bring this case squarely within the case of *McGuire* v. *Union Investment Co.*, 76 Miss. 868, and it follows that the sale thereunder of the land in dispute was void.

Section 4292, Code 1906, which provides that the failure of the assessor to return his roll on the day named for its return shall not effect the validity of the assessment if approved by the board of supervisors, was cited in the court below and held by the court to be curative of the defect above shown in the assessment roll of 1909, in dispute. That this section does not cure such defects is clearly shown by the McGuire case above, where it is held that, "this section must be construed in connection with all the other provisions on this subject." And upon reading the body of said cases as reported, it will be seen that this court held that, so construed, said section 4292 does not validate a sale like the one in said case and in the instant case. The attention of the court is called to the fact that the annotation, of the McGuire case of the Code of 1906, is erroneous in that it states said case as holding that, "so construed, section 292, Code 1906, does not invalidate a sale, etc." The learned

chancellor was evidently mislead by this error in annotation.

*Whittington & McGee,* for appellees.

"Invalidity of assessment roll of 1909." It is contended that the tax deed was void because based on an invalid assessment for the year 1909; this assessment is declared invalid by appellants for the following reasons, viz.: (a) that at the July meeting the board did not extend the time for the completion of the roll until the first Monday of August, but only extended the time until the fifteenth day of July; (b) that the board failed to give notice of the filing of the roll or of the time at which objections were heard as required by section 4295, Code 1906; (c) that the board did not approve the assessment roll until September, 1909; (d) that the assessor did not file his roll on the first Monday of July, 1909, as required by section 2491, nor did he give formal notice of the filing of said roll as required by section 4303, Code 1906. We respectfully submit that in the event the assessor fails to file his roll by the first Monday of July, as required by section 4291, the board of supervisors under the provisions of section 4293, may extend the time until the first Monday of August. In this case the assessor failed to file his roll on the first Monday of July, and the board, under section 4293, extended the time until the fifteenth day of July; we submit that it is wholly immaterial whether the board gave the full time, to wit: until the first Monday of August, the essential and material thing being that they did not extend the time beyond the first day of August. Having extended the time for filing the roll under section 4295, the board could not approve the roll prior to the September meeting, as provided by section 4298. No notice was given by the board under section 4295, for the reason that the board was not operating under the pro-

visions of that section at all, no new assessments having been ordered. We therefore respectfully submit that the board acted strictly in conformity with the statute in dealing with this roll; the trouble being that counsel for appellants is confusing two methods of procedure given to the board when the assessor fails to file his roll by July. Section 4295 applies, we submit, only when coupled with action by the board under section 4294, Code 1906. We submit that the failure of the assessor to file his roll by the first Monday in July does not invalidate the assessment, when further time is given by the board under section 4293, Code 1906. The proof offered by appellants showed that the board did not publish notice of the time, etc., of hearing objections to the assessment roll, nor does the law require the board to do so, unless the board be acting under the provisions of law governing the making of a new assessment entirely. It is contended not by counsel—a contention not advanced in the lower court, and about which no proof was offered by appellants—that the assessor failed to give the notice required by section 4303, Code 1906. Granting that appellants showed by proper proof that the assessor did not give the notice required by said section and we submit that this was not proven, the only evidence touching this question being shown on page 21 of the stenographer's notes, we still submit that the assessment would not be invalidated thereby, for the reason that the law fixed the time at which objections were to be heard in the event of an extention of time being granted, viz., at the September meeting; and this time is just as certain and fixed as is the time when the assessment roll is filed by the first Monday of July, viz., at the August meeting, there is no provision of law whereby the board must give notice to taxpayers that they will hear objections, etc., to the assessment rolls at either the August or September meetings before they can perform their duties prescribed for these meetings

with reference to the examination and approval of the rolls.

Further there is no provision of law whereby the board is precluded from approving an asesssment roll at either of these meetings because the assessor has failed or neglected to give the notice required by section 4303. The roll was filed on the fourteenth day of July and remained on file until the September meeting before any action was taken by the board with reference to its approval; thus giving all taxpayers an unusual length of time in which to file objections; it was in truth and fact on file for two weeks preceding the August meeting, and subject to the inspection of all taxpayers. We thus see that the roll was duly filed within the time fixed by law and the order of the board and was duly approved by the board at the time fixed by law; by the plain provisions of section 4296 when the roll is approved by the board all persons are precluded from questioning its validity, except as provided. In order, therefore, to sustain appellants contention, this court would have to hold that the failure of the assessor to give the formal notice required of him by section 4303, Code 1906, invalidated the assessment and rendered the sale thereunder void. The time in which the assessor must file his roll is fixed by law as is the time at which objections will be heard; but it may be said that because of the extension of time a taxpayer may not have known that the roll would not be examined until the September meeting instead of the August meeting; the answer to this is that in this case the roll was on file for two weeks preceding the earliest time at which objections could be considered or heard, that is to say two weeks before the first Monday of August. The very things required to be given notice of by the assessor being fixed by law, we conclude that the provisions of section 4303 are merely directory and that a failure to conform thereto comes within the curative provisions of sections

4296 and 4332, Code 1906. The facts touching the filing and approval of the assessment roll in this case are wholly different from that in the case of *McGuire* v. *Union Investment Co.*, cited by counsel, nor was that case in any wise relied upon or considered by appellees, or the court in the trial of this case, suggested by counsel; in that case the board extended the time for the completion and filing of the roll beyond the first Monday of August in plain contravention of the provisions of the statute until fifth day of September, and approved the roll immediately after receiving it at the September meeting; by no stretch of the imagination can the facts in that case be said to follow the facts in this case; hence we respectfully submit that it has no application in the present case other than to fully sustain the contention of appellees as to the validity of the action and order of the board in dealing with the roll of 1909 in the present case. We conclude, and respectfully submit, therefore, that the assessment roll for 1909 was valid in all respects.

ETHRIDGE, J., delivered the opinion of the court.

Whittington & McGehee filed a bill in the chancery court to confirm title to certain lands, and alleged that the land was entered from the United States government and a patent duly issued from the government to one William Pickett, and that thereafter the said lands were duly and legally assessed for state and county taxes for the year 1910. The description on the assessment roll describing said land as "the south part of section 24, township 6 N., range 3 E., one hundred and thirty acres." That the tax for the said years was not paid, and the tax collector after due notice and after default sold the said lands in accordance with law and the complainants became the purchasers, and that the period

of redemption had expired and that they were the owners of said land and desired a confirmation of their title.

It is averred in the bill that Amanda Cameron claims to be the owner and is in possession of the south part of the West half of said section, except thirty-two acres of the South half of the West half, being the Southwest part of said section, and that said Amanda Cameron claims to be the owner and is in full possession of all the South half of the West half of section 24, except said thirty-two acres. It is further alleged that Amanda Cameron has possession of the land belonging to the complainants and refuses to give them possession. Amanda Cameron was made a sole defendant, and it was alleged that the complainants know of no other party who has any claim or interest in and to the land sought to be confirmed. The tax deed from a tax collector made an exhibit to the bill shows that the land sold for taxes was assessed to Martha Cameron, and Martha Cameron was not made a defendant. The defendant demurred to the bill, the demurrer was overruled, and the defendant thereupon answered and denied that the complainants were the true legal and equitable owners of the said land, and denied that the said land was duly and legally assessed for taxes due the county and state for the year 1910; and alleged that the assessment roll was absolutely void because the tax assessor failed to make and return said assessment to the board of supervisors on or before the first Monday in July, but that he was allowed until the fifteenth of July by the board of supervisors in which to file it, and that it was filed on the fourteenth day of July, and that no notice was published notifying the taxpayers that said roll was on file subject to objection, and that the board would hear objections as required by law; that during the said time there was a newspaper published every week in the county at the county site, and that the county assessor and the board of supervisors, each

and both, failed to publish any notice of the return and filing of the land roll or of the time at which objections thereto would be heard, as required by sections 4295 and 4303, Code of 1906, but in utter disregard of the provisions of said sections the board made an order that said assessment roll be received and approved, and that by reason of said failure the tax sale was utterly and absolutely void. The other allegations of the bill were denied and the complainants failed to prove that any notice was published as required by section 4303 or section 4295, but introduced the tax deed and relied upon the presumption raised by statute to show compliance with all legal requirements; thereupon the defendant introduced proof that no notice was published in accordance with said sections, and on this proof the chancellor entered a decree confirming the tax title.

There are several points relied upon for a reversal, but we will only notice one, and that is the allegation and proof that there was no notice published as required by section 4303, which is the section requiring the assessor, when he files his roll, to give notice thereof and date of the meeting of the board to consider the same, by publication in some newspaper published in the county, or if there be none, by posting at the courthouse for the space of three weeks. The law requires the assessor to complete his assessment and deliver the rolls to the clerk of the board of supervisors on or before the first Monday in July of each year, and it is provided that a failure of the assessor to certify and swear to his assessment roll or to return it on the day named for its return shall not affect the validity of the assessment if approved by the board of supervisors. This provision of law it has been held must be construed in connection with all other provisions on the subject. *McGuire* v. *Union Investment Co.*, 76 Miss. 868, 25 So. 367. It is also provided in the Code that the board of supervisors, under certain conditions, may

extend the time for the completion of the roll until the first Monday in August.

The notices required by section 4304 form a part of a statutory substitute for personal summons, and under the state and federal Constitutions notice must be given the taxpayer and opportunity to be heard before the assessment can become final and binding. Where the law fixes a definite time and place for a person to appear, with opportunity to be heard, and provides that this notice shall be sufficient, it has been held this would constitute due process of law; but where the statute prescribes other and additional notice to be given, such notice must be given in accordance with the statute. Section 4303 of the Code seems not to have been construed by this court, but it has been held by this court in a number of cases that where a statutory proceeding is a substitute for a summons it requires a strict compliance with the terms of the statute to make such notice effectual and valid. *Moore* v. *Summerville,* 80 Miss. 323, 31 So. 793, 32. So. 294; *Diggs* v. *Ingersoll,* 28 So. 825; *Ponder* v. *Martin,* 80 So. 388. In the last case cited the rule is laid down in the second syllabus as follows: "Where publication is substituted for summons, the proceedings required by statute must be strictly followed."

In our opinion the statute requiring the notice is mandatory and not directory. The judgment of the court below is accordingly reversed, and judgment will be entered here dismissing the bill.

*Reversed and rendered.*