SMYTHE *et al. v.* WHITEHEAD.

(Division B.   Oct. 15, 1923.)

[97 South. 529.   No. 23449.]

TAXATION.   *Notice to taxpayer that rolls on file and date of meeting*
*of board to consider objections can only be given by assessor.*

Under section 4303, Code of 1906 (section 6937, Hemingway's Code),
requiring the tax assessor to publish notice in a newspaper in
the county for the space of three weeks, giving notice that the
rolls are on file and the date of the meeting of the board to
consider objections, etc., the notice must be given by the assessor,
and cannot be given by any one not authorized by law to give
the same, and a notice by the clerk of the board is not a com-
pliance therewith. Such notice is a part of the statutory scheme
in lieu of personal summons, and must be strictly complied with.
Cameron v. Whitington, 120 Miss. 595, 82 South. 311, cited.

APPEAL from chancery court of Attala county.

HON. T. P. GUYTON, Chancellor.

Suit by J. G. Smythe and others against Mrs. M. A.
Whitehead. From a decree dismissing the bill, plaintiffs
appeal. Affirmed.

*H. T. Leonard,* for appellants.

The opinion of the special chancellor holds, first, that
the assessor did not file the assessment rolls within the

time allowed by law, and, second, that no legal notice of the filing of the rolls was given as required by law.  I. That the assessor did not file the assessment roll within the time required by law, we desire to submit the following: The complainants below proceeded under section 1983 of the Code of 1906, which is as follows: "A conveyance made by a tax collector to an individual purchaser of land at a sale for taxes, and the list of lands sold to the state at such sale, shall be *prima-facie* evidence that the assessment and sale were legal and valid." We submit that the *Prima-facie* presumption of the statute is not overcome by the pretended order of the board dated August 7, 1915. The defendant utterly and wholly failed to show any irregularity to invalidate the tax deed relied upon.  The best way they could have shown this would have been to introduce the rolls themselves. *Morgan* v. *Blewitt*, 72 Miss. 907; *Grayson* v. *Richardson*, 65 Miss. 222; *Herndon* v. *Mayfield*, 79 Miss. 533.

II.  FILING ROLL OUT OF TIME.  Section 4292, Code of 1906, section 6926 of Hemingway's Code, was ably construed by this court in the case of *McGuire* v. *Union Investment Co.*, 76 Miss. 872.  The learned chancellor in his opinion filed in this cause, cites: *Brothers* v. *Beck*, 75 Miss. 482; *Bennett* v. *Maxwell*, 82 Miss. 70; *McGuire* v. *Union Co.*, 76 Miss. 960; *Seals* v. *Perkins*, 96 Miss. 704; *McCord* v. *Shaw*, 77 Miss. 900.  We submit that the above authorities upon careful examination do not support the position taken in that they have no application to the case at bar and each and every one of them was decided on some other and collateral point for the holding of the assessments void.

III.  NOTICE BY CLERK INSTEAD OF ASSESSOR.  The chancellor also held that the notice was defective and as such invalidated the assessment.  We are not able to find after extended search any authority touching upon this precise question, to-wit: the legality of the notice given by any-

one except the assessor. Now, the purpose of the notice essentially is to notify property owners that the rolls are on file subject to inspection and to make their objections thereto, if any they have, in the manner provided by law. This idea predominates throughout the whole notice and would be no notice at all. If inadvertently, the name without such information contained in the notice, it of the clerk, and possibly by typographical error, is appended, it is still apparent that the notice of the filing of the rolls and that they are in the office subject to insepction, is the obvious feature of such notice. Doubtless not one small portion of the taxpayers really know who the assessor was, and were not in the slightest concerned, but it was of the utmost concern to them to know when the rolls were on file and when they could make their objections. The spirit and clear intention of the law is to advise them of the filing of the rolls and who would dispute the fact that they were fully davised by the publication of the foregoing notice? The duty of proper assessment is a double duty, as stated by Chief Justice Mayes in *North* v. *Culpepper,* 97 Miss. 737, "resting both upon the property owner and the assessor, and every opportunity is offered the property owner to see that a proper assessment is made, either by giving it in himself, or by making proper objections and corrections after the return of the assessment rolls, as provided by section 4296. Code of 1906. . . . Under this section we held . . . that where an assessment roll has been properly approved, the taxpayer is precluded from questioning its validity afterwards, and the effect of the approval is to render a final judgment against the tax-payer, unless subject to be reopened under section 4312.'

IV. Order of Approval by Board of Supervisors is Conclusive. The decisions of this court as to the conclusive effect of the order of approval by the board of supervisors are numerous: *Yazoo Investment Co.* v. *Suddoth,* 70 Miss. 416; *Yazoo Delta Lumber Company* v. *East-*

*land,* 104 Miss. 553; *North* v. *Culpepper,* 97 Miss. 730, 53
So. 419; *Adams* v. *Clerk,* 80 Miss. 134.

The appellants confidently rely upon section 4332, Code
of 1906, section 6966, Hemingway's Code. *Nevin* v. *Bailey,*
62 Miss. 433.   The only authority cited by the learned
special chancellor or in support of his finding that the
notice was illegal and void is the case of *Cameron* v.
*Whittington & McHee,* 120 Miss. 595, 82 So. 311, and we
respectfully submit that an examination of that case shows
that it is not at all in point; that the record discloses that
there was an entire absence of any notice of any kind
whatever and upon that feature the court held the as-
sessment void.   Everything could be ascertained from the
publication of this notice that could possibly have been
ascertained of any notice suggested by counsel or required
by law.   *Darington* v. *Rose,* 90 So. 632.   There is nothing
in the Constitution prohibiting curative statutes.   *Arm-
strong* v. *Allen,* 16 Iowa, 508, 5 A. L. R., 162.   For the
constitutional features of this case see section 79 of the
Constitution of 1890; *Virden* v. *Bowers,* 55 Miss. 1; *Quarles*
v. *Hiern,* 70 Miss. 891; *Natchez* v. *Minor,* 10 S. & M. 246;
*Wolfe* v. *Murphy,* 60 Miss. 1; *Long* v. *Stanley,* 79 Miss.
298, 30 So. 823.


*S. L. Dodd* and *O. A. Luckett,* for appellee.


The conclusion is irresistible that the real assessment
roll for 1915 of Attala county, Mississippi, was not filed
within the extended time allowed by law and the order of
the board.   The assessor did not file the roll on the first
Monday of August, 1915, but filed it on Saturday the
7the day of August, 1915, a day not recognized by law for
filing of the roll.   *Morgan* v. *Blewitt,* 72 Miss. 907, is not
on all-fours with the instant case.   *Herndon* v. *Mayfield,*
79 Miss. 533, cited by counsel, does not touch on the ques-
tion involved in this case, but the only question in that
case was that of the approval of the roll.   This court in
the case of *McGuire* v. *Union Investment Company,* 76

Miss. 868, in construing section 4292 of the Code of 1906, and section 3783, says: "If the board of supervisors can, in the face of the plain requirements of the statute, extend the time for the completion and return of his assessment by a delinquent or incapable assessor, until the first Monday in September, what will prevent its extending the time in like case to November or December? See *Horne* v. *Green,* 52 Miss. 452.

The board has no authority to extend the time beyond the first Monday of August. We contend that the assessor did not file the roll as he was required to do on the first Monday of August, and this is a vital error, and is not saved by section 79 of the Constitution or by section 4292 of the Code of 1906. *Yazoo Delta Land Company* v. *Eastland,* 104 Miss. 553, cited for appellant is not in point for in that case, there was an effort to impeach the order of the board approving the assessment roll, by parol evidence, as to the manner in which the land was assessed by the assessor, and the court properly held that the order could not be collaterally impeached. *North* v. *Culpepper,* 97 Miss. 730, merely holds that a valid assessment is essential to a valid tax sale. The only question involved was of the objection to the sale on the sole ground that a joint assessment was made of two different tracts of land owned by different persons. The owner of the eighty acre tract paid two-thirds of the taxes and the other forty acres was sold for the balance of the taxes. *Yazoo Investment Co.* v. *Suddoth,* 70 Miss. 416, referred to by counsel for appellant was one where the property in District No. 2 of Coahoma county was changed, the board then being in session in the first district of the county. But afterwards at a meeting of the board held in the second district, an order was entered approving the roll, which the court held legalized the roll. That question is not involved in this case. *Adams, Revenue Agent,* v. *Clark,* 80 Miss. 134, is also distinguishable. The prerequisites of a legal assessment, approval, and levy, make a valid judgment, and if anyone of these essential things are

wanting, the sale is void. *Nevin* v. *Bailey,* 62 Miss. 433, is distinguishable.

This tax deed is void because the notice required to be given the owner of the land, after the assessor filed his roll, by section 4303, Code of 1906, was absolutely ignored by that officer, but the notice was given by the chancery clerk under section 4295 of the code of 1906. *Cameron* v. *Whittington,* 82 So. 311, 120 Miss. 595, 32 Cyc. 451; *Arnold* v. *Wynne,* 26 Miss. 388. It has been held by this court in a number of cases that where a statutory proceeding is a substitute for a summons, it requires a strict compliance with the terms of the statute to make such notice effectual, and valid. *Moore* v. *Summerville,* 80 Miss. 323, 31 So. 793, 32 So. 294; *Diggs* v. *Ingersoll,* 28 So. 825; *Ponder* v. *Martin,* 80 So. 288. The case of *Langstaff* v. *Town of Durant,* 111 Miss. 819, was a case under the Laws of 1912, chapter 260, section 6 and 7, providing for the building of sidewalks in the city of Durant and fixing the cost of assessment, and providing further that notice should be published in a newspaper in the town, and if there be none, then notice be posted. Notice of the sidewalk improvement was published in a different town in a paper having a general circulation in the town where the improvement were to be made, and it was held insufficient. Appellant fails to draw the distinction between the first notice which is a constitutional requirement and the second which is a statutory requirement under section 4328. The first is mandatory and necessary to be done to make the sale valid. The second can be dispensed with by the sheriff and the sale would not for that reason be void. We think the case of *Langstaff* v. *Town of Durant* and the case of *Cameron* v. *Whittington,* 120 Miss. 595, settle the question beyond dispute as to the legality of the notice above referred to.

*S. L. Dodd, Fulton Thompson, J. Harvey Thompson,* and *Robert H. Thompson,* also for appellee.

I.　It is distinctly shown of record that the assessment roll for the year 1915 was not completed and was not filed, or lodged with the board of supervisors, or its clerk, on or before the first Monday of July, 1915, as required by law.　Mississippi Code 1906, section 4291.　This is conclusively established by the orders of the board of supervisors shown of record.·　The assessment's invalidity was not prevented by Code 1906, section 4292; its provisions applying only to a failure to return an assessment on or before the first Monday of July as required by the preceding section, 4291, and the following section, 4293, empower the board to extend time to an assessor only at its July meeting.　The decisions of this court, cited by the learned special chancellor in his, written opinion (record pp. 31 to 34) are conclusive of the invalidity of the complainants' tax title.　*Brothers* v. *Beck,* 75 Miss. 481; *McGuire* v. *Union, etc. Co.,* 76 Miss. 868; *Seals* v. *Perkins,* 86 Miss. 704; *McCord* v. *Shaw,* 77 Miss. 900.

II.　The pretended approval of the alleged assessment by the board of supervisors at its September meeting, 1915, did not validate the void assessment.　A judgment rendered without notice to the parties against whom it · is rendered is utterly void.　The leading case is *Jack* v. *Thompson,* 41 Miss. 49.　In this case the assessor wholly failed to give any notice that the board of supervisors would consider and adjudicate upon the so-called assessment.　The statute (Code 1906, section 4303) prescribed the notice to be given and that it shall be given by the assessor.　This court has decided that "the statute is mandatory, and in the absence of such notice the collector cannot make a valid sale of the land for default in the payment of taxes."　*Cameron* v. *Whittington et al.,* 120 Miss. 595, s. c. 82 So. 311.　In *Darrington* v. *Rose,* 128 Miss. s. c. 90 So. 632, the assessor gave the notice there considered and the court passed upon the sufficiency of · its contents only.　The statute (Code 1906, section 4303) required the assessor to publish the notice therein provided "for the space of three weeks."　The terms used

therein, we submit, take the publication without the rule for computing time prescribed by Code 1906, section 1607. That section of the Code applies only when newspaper publications are to be made "for three weeks." Is there not a difference between "the space of three weeks" and "for three weeks?" If a newspaper notice has to be published "for the space of three weeks" it must be published in a weekly newspaper at least four times, otherwise it has not been published for "the space of" three weeks. Its publication begins with its first publication and ends with the last one. There are but fourteen days between the first publication and the last one made by the clerk in this case.

Notice by publication in a newspaper is constructive notice and under the law of this state where constructive notice is substituted for actual and personal service, the most exact compliance with the statute is required. *Zachary* v. *Bowers,* 1 S. & M. 584, and 3 S. & M. 641. The case has been overruled on other points, *Dollman* v. *Moore,* 70 Miss. 267, but not on the point for which we cite it.

Argued orally by *H. T. Leonard* and *D. H. Glass for* appellants and *R. H. Thompson* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellants filed their bill in the chancery court to confirm a tax title to the West half of the Southeast quarter, section 14, township 12, range 5, alleging that in accordance with the provision of the law pertaining thereto the tax collector executed a deed to the said purchasers conveying said lands to the complainants, and made his report as required by law. That more than two years have elapsed since the date of the tax sale to the complainants, and that the lands have not been redeemed by the original owner or the defendants or any one else in their behalf, and the tax collector's deed has been duly and legally delivered to the purchasers, and a copy is attached as exhibit to the bill. That all of the require-

ments in regard to the assessment of the land for taxation for the year 1915 were legally complied with, and that said land was legally assessed for said year. That said lands were assessed to "Unknown" for said year, who defaulted in the payment of the taxes thereon when the same were duly advertised and sold. That after diligent inquiry so far as the complainants know or can ascertain Mrs. M. A. Whitehead and ———— are the only persons interested in or claiming any interest in the said land, and prays for a confirmation of said title.

The bill was demurred to, and the demurrer overruled The appellee, Mrs. Whitehead, answered the bill, and denied that the complainants were legal and equitable owners of said land, but admits that the same was sold on the 3d day of April, 1916, and that the complainants purchased thereat; denies that the provision of law pertaining to assessment and collection of taxes were complied with, but admits that more than two years have elapsed since the said pretended sale, and said lands have not been redeemed by the original owner, which is the defendant, or any one else in her behalf; and alleges that the assessment roll of Attala county for the year 1915 was absolutely void because the assessor of the county failed to make return of said assessment to the board of supervisors of said county on or before the first Monday of July, 1915, as required by law; and alleges that no order of the board was legally passed and entered at the July term, 1915, extending the time for the completion of said rolls as provided in section 4293, Code of 1906.

She avers that the board of supervisors at the August term, 1915, entered a pretended order *nunc pro tunc,* wherein it was recited that at the July term, 1915, that the said board rendered an order extending the time to the assessor to complete the rolls during the August term, 1915, but alleges that the board had no power to enter a *nunc pro tunc* order at the August meeting, and that the order is void, and that any effort to extend the time beyond the first Monday in August was *ultra vires*

*and void.* She further charged that, instead of filing the roll on the first Monday of August, the tax assessor filed the roll on the 7th day of August, 1915, out of time and contrary to the provision of the statute. She further alleged that the assessor failed and neglected to give the notice required by section 4303, Code of 1906 (section 6937, Hemingway's Code), although there was a weekly newspaper published in the county, but that a notice was published by the clerk of the board of supervisors under section 4295, Code of 1906, and publication of the notice by the clerk was unwarranted and contrary to section 4303, Code of 1906, above mentioned. She further alleged that the notice published by the clerk was insufficient, because only published on August 13, 20, and 27, 1915, and not for the space of three weeks as required by the statute.

It appears from the record that the tax assessor did not file his roll on the first Monday of July, 1915, and that no order was entered at that meeting extending the time until the first Monday of August as required by statute. But that the assessment roll was not ready to be filed on the first Monday of July, and at the August meeting of the board an order *nunc pro tunc* was entered, reciting that on the application of the tax assessor asking for further time in which to complete and file the assessment rolls for 1915 and showing the board that he can complete and file the same by the next term of this board, and the board having considered the same, and believing that he is capable, does hereby order that the said tax assessor be and is hereby given until the August term of this board to complete and file his roll as provided in section 4293, of the Mississippi Code of 1906. It further appeared that the roll was actually filed on the 7th day of August, 1915, and that the first Monday of August was the 2d day of August.

On the 13th day of August there was published in the Kosciusko Herald, a newspaper published in the said county, a notice reading as follows:

133 Miss.—13

"The personal and real assessment rolls of Attala county for the year 1915 are on file in this office. All persons desiring to do so may inspect same by the first Monday in September, 1915, and file their objections thereto, if any, with the undersigned clerk.

"J. H. Oliver, Clerk of the Board of Supervisors."

At the September meeting of the board, the board approved the roll so filed by an order properly entered, etc.

The chancellor held that under the decisions of this court á failure of the assessor to complete and file the roll within the time allowed by law renders the assessment void, and a sale thereunder void, citing and relying on *Brothers* v. *Beck*, 75 Miss. 482, 22 So. 944; *Bennett* v. *Maxwell*, 82 Miss. 70, 34 So. 226; *McGuire* v. *Union Inv. Co.* 76 Miss. 868, 25 So. 367; *Scals* v. *Perkins*, 96 Miss. 704, 51 So. 806, 52 So. 584; *Millins* v. *Shaw*, 77 Miss. 900, 27 So. 602, 28 So. 958; and that the notice to the taxpayers signed by the clerk instead of the assessor was not the legal notice required by section 4303, Code of 1906 (section 6937, Hemingway's Code) ; relying on *Cameron* v. *Whittington & McGhee*, 120 Miss. 595, 82 So. 311; and entered a decree dismissing the bill and canceling the tax deed. From which decree this appeal is prosecuted.

It is the contention of the appellants that the final approval of the roll by the board validated the assessment, and that the notice given by the clerk is a substantial compliance with section 4303, Code of 1906 (section 6937, Hemingway's Code).

While it is contended by the appellees that the board could not enter the order *nunc pro tunc* at the August meeting, and that the entry thereof did not relate back to the proper entry to be made in July, and that the roll, not having been filed on the first Monday of August, but only on the 7th day of August, was not a legal assessment roll, and also that the notice given by the clerk is not the notice required by law, and such notice can only be given by the officer required by statute to give it. The ap-

pellee also contends that the proceeding to confirm the tax title was void, and could not be entertained, because the land was assessed to "Unknown" owner, and no publication or process was published to the unknown claimants, as required by section 548, Code of 1906 (section 305, Hemingway's Code). In our opinion the notice required by section 4303, Code of 1906 (section 6937, Hemingway's Code), being in lieu of personal summons, falls within the case of *Cameron* v. *Whittington & McGhee*, 120 Miss. 595, 82 So. 311, and failure to publish the notice as therein required invalidates the assessment.

It is not necessary to decide what effect the failure to publish the notice under section 548, Code of 1906 (section 305, Hemingway's Code), would have upon the decree had the Chancellor confirmed the title instead of dismissing the bill. It follows from what we have said that the decree will be affirmed.

*Affirmed.*