RAWLINGS *v.* LADNER.

(Division A. Feb. 3, 1936.)

[165 So. 427. No. 32058.]

Davis & Davis, of Purvis, and **John A. Yeager**, of Lumberton, for appellant.

**T. Price Dale**, of Hattiesburg, for appellee.

Argued orally by **John A. Yeager**, for appellant, and by **T. Price Dale**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Immediately following the July, 1930, equalization meeting of the board of supervisors of Forrest county, the board caused the following newspaper notice to be given as to the tax assessment rolls, to-wit:

"To the Taxpayers of Forrest County, Mississippi.

"You will please take notice that the assessments of real and personal property on the rolls for 1930 have been changed and corrected by this Board so as to comply with the laws of this State and that said revised rolls are now open for examination and that any objection to any assessments contained in said revised rolls must be made in writing and filed with the clerk of this Board on or before the first Monday of August, 1930, at his office in the courthouse of said county, and that any and all assessments to which no objection is then and there made will be made final. This the 23rd day of July, 1930"— which notice was signed "The Board of Supervisors of Forrest County, by M. T. Draughon, Clerk of said Board."

Thereafter, at the August, 1930, meeting of the board of supervisors, the assessment rolls were duly approved, and on April 6, 1931, the county and state ad valorem taxes on the one thousand two hundred eighty acres of land assessed to the Hinton Bros. Lumber Company and included in said assessment rolls not having paid, the tax collector sold the land, and the First National Bank of Lumberton, of which the appellant is the receiver, became the purchaser, and, after the lapse of two years following the date of sale, this suit was begun to confirm the tax title acquired under said tax sale. Hinton Bros. Lumber Company filed no answer, and a decree pro confesso was taken, entered against it, and final decree entered confirming appellant's title as to all lands except the eighty acres involved in this appeal. J. W. Ladner appeared and claimed title to eighty acres of the land involved by virtue of a deed executed after the purchase thereof, at the tax sale, by the bank, and resisted the confirmation of the title on the ground that the foregoing notice to the taxpayers did not comply with the applicable statutes, and that all subsequent proceedings of the board of supervisors thereon were void, and like-

wise the deed to the lands executed by the chancery clerk was null and void.

The court below sustained the contention of Ladner as to the eighty acres of land, and declined to confirm the complainant's title thereto. The appeal is prosecuted from the decree in favor of Ladner as to the eighty acres of land claimed by him.

It is conceded that all the proceedings of the board of supervisors are regular, and no point is made as against the deed and the several orders of the board of supervisors, except as to the notice which we have hereinabove set forth.

The appellee, Ladner, contends that the tax deed relied upon by the appellant is void because of two alleged fatal defects in the above notice to the taxpayers as follows: (a) Because the notice is addressed to the taxpayers of Forrest county, and that it should have been, under the controlling statute, addressed to *the public*, and not to the taxpayers; and (b) that the stipulation in the notice that any objection to any assessment must be made in writing and filed with the clerk of the board *on or before* the first Monday in August, 1930, at his office in the courthouse of said county, and all assessments not objected to will be made final, rendered the notice void because an objecting taxpayer is required so to do on or before the *first* Monday of August, 1930, and that under the statute, an objection might be made on any day of the August term antecedent to the entry, by the board of supervisors, of its final order approving the assessment rolls.

The statute under which the above notice was given is section 3162, Code 1930, which reads as follows: "*Supervisors to equalize rolls—notice to taxpayers.*—The board of supervisors shall immediately at the July meeting proceed to equalize such rolls and shall complete such equalization at least ten days before the August meeting, and shall immediately by newspaper publication *notify the*

*public* that such rolls so equalized are ready for inspection and examination. In counties having two judicial districts the board shall by order designate on what days during August it will begin in each of the two districts upon its hearing of objections, and these days shall be named in the said notice, and the board shall be authorized to hold its sessions in the two districts respectively as designated in the order aforesaid. The foregoing provision with reference to counties with two judicial districts shall apply to any subsequent meetings whereof *notice to taxpayers* is necessary to be given." (Italics ours.)

Section 3164 empowers the board to make corrections and to enter an order approving the assessments with or without corrections. Section 3165 provides that the board of supervisors shall hold a meeting on the first Monday of August to hear objections to assessment, and shall sit from day to day until the assessments have been disposed of. Section 3166 provides that a person dissatisfied with the assessment may, *at such August meeting*, present objections in writing, and that persons failing to file such written objections shall be precluded from questioning its validity, except minors and persons non compos mentis.

The notice required to be given by section 3162 is essential and jurisdictional. Henderson Molpus Co. v. Gammill, 149 Miss. 576, 115 So. 716.

The statute, as to the notice given, must be strictly complied with. Cameron et al. v. Whittington et al., 120 Miss. 595, 82 So. 311, and Smythe v. Whitehead, 133 Miss. 184, 97 So. 529, in which this court held that, under the statute (section 4303, Code 1906) requiring the tax assessor to publish notice in a newspaper, a notice to the taxpayers signed and approved by the clerk of the board of supervisors was insufficient, and the proceedings thereunder were void.

1. It is the precise contention of the appellee in the

case at bar that the notice set forth above should have been addressed to the public, and that the statute so requires.

It is quite evident, when we consider the purpose of the Legislature in the enactment of section 3162, that appellee's contention is without merit. It may be conceded, for the purpose of the argument, that the notice to taxpayers would not necessarily include the public. Black's Law Dictionary, p. 1459, defines the word "public" as the "Whole body politic, or the aggregate of the citizens of a state, district or municipality." It would seem, therefore, that the intention of the Legislature by requiring this notice was to provide steps in a proceeding toward the rendition of a judgment against the taxpayers whose lands were subject to taxation under existing revenue laws. The headnote to this statute evinces its intention that it is a *notice to the taxpayers*. The statute does not, in terms, say to whom the notice shall be directed, but in the concluding sentence the Legislature distinctly named the taxpayers. The taxpayers were the persons who were to be affected by the judgment, and it is clear that the Legislature, out of an abundance of caution, desired to make certain that a judgment should not be rendered against the taxpayers without notice to them. This precise notice is set forth in the case of State v. Wyoming Mfg. Co., 138 Miss. 249, 103 So. 11, but the court did not there have its mind addressed to the particular language of the statute here being considered. That decision, however, is very persuasive in view of the fact that the statute was re-enacted as prepared by the Code Commissioners in the Code of 1930. The public referred to in the statute obviously means the taxpaying public, and the illustration given by counsel that the wives and children might call attention to the notice if addressed to the public, and would not do so if the notice was addressed to the taxpayers, calls for the answer that such relatives and friends of the taxpayer would certainly

know that the relative to be affected by the notice was a landowner and therefore a taxpayer. It is inconceivable that any kind of harm could flow from a notice addressed to taxpayers under the language of the statute. It is clear from the whole statute that the notice provided for should be addressed to the taxpayers.

We think we have arrived at the real meaning of the statute as intended by the Legislature. The court, in construing a statute, must seek the intention of the Legislature, and, knowing it, must adopt that interpretation which will meet the real meaning of the Legislature. Kennington v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L. R. A. (N. S.) 541, Ann. Cas. 1914B, 392.

2. As to the second contention, that the notice here under review required the taxpayers to file objections on or before the first Monday of August, and that such taxpayers would be entitled, at any day prior to the actual entry of the final order approving the assessment rolls, to file their objections, we are of the opinion that this statute only requires the notices to state that the assessment rolls have been equalized and are ready for inspection and examination. The stipulation that objections must be filed in writing on or before the first Monday of August was mere surplusage which could not have deceived any taxpayer as to the time and place when and where the final judgment is to be entered. It certainly would be safer for a taxpayer to appear and file his objections on the first Monday and not depend upon that meeting being continued from day to day of that term. It is true that section 3165 authorizes and requires that the board shall sit from day to day to hear objections to the assessment rolls until said rolls have been disposed of and all proper corrections have been made, but the law does not require the board of supervisors to remain in session if this business has been completed on the first day of the August meeting. It might occur, and most probably would occur, that in some counties no taxpayers

would appear to object to assessments. In that event, only a few hours would be necessary to complete the performance of this duty, while in other counties several days would be so required. In that event, it may be that a taxpayer might appear at any time prior to the entry of the order approving the assessment and file his objections. That question is not here presented. It is true that the first Monday of August is the day on which the whole matter of correcting the assessment rolls and hearing objections is before the board of supervisors by the mandatory requirements of the statute, and it is also true that the first Monday of August is a day upon which all of the matters may be, and could be, heard and the final order entered. If it be true that, notwithstanding the notice, the taxpayers might have appeared at a subsequent day before the order was entered, it is inconceivable that the warning here complained of, contained in the notice to the taxpayers, could have, in any wise, prejudiced this taxpayer, or any other, in the matter of his assessment, unless and until it is shown that such right, if it existed, was denied the taxpayer. As we view it, this precautionary warning of the board of supervisors was in the interest of the taxpayers, and did not conclude any taxpayer from asserting any right, given him by the statute, at the August meeting. In the matter of approving this assessment roll at this meeting, by the language of the statute, the thing that concludes the taxpayer is the final approval of the assessment roll by the board of supervisors or by operation of law.

In the case at bar, the taxpayer is not shown to have appeared and filed objections on the first day or any other day during the continuance of the August meeting. The fact that the notice contained more than the statute required, in our opinion, does not, in any material particular, affect the right of the taxpayer, and certainly not the right of the taxpayer against whom this land was assessed. The first Monday of August is the only day that

624

the taxpayers can be assured they will have opportunity to file their objections, and, in the light of the obvious meaning of the Legislature, we are of the opinion that there is no merit in the contention that the surplusage in this notice cut off the right of any taxpayer to appear at the August meeting and propound his objections if he so desired. The notice was a substantial compliance with the statute and from this time forth will be held to be a sufficient and proper notice to taxpayers as required by section 3162, Code 1930. The proceedings were not void, and, for aught that appears to us, the tax deed thereunder was valid, and the tax title of appellant should have been confirmed to the tract of land involved. A decree will be entered here accordingly.

Reversed, and decree here for the appellant.