FRED J. ARBOUR *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD
COMPANY.

[54 South. 158.]

COURTS. *Proceedings at unauthorized times.*

All proceedings at a time when the holding of a court is unauthorized
    by law and its jurisdiction is not exercised within the time pre-
    scribed for the term to be held, are void.

APPEAL from the circuit court of Franklin county.

HON. M. H. WILKINSON, Judge.

Suit by Fred J. Arbour against the Yazoo & Missis-
sippi Valley Railroad Company. From a judgment for
defendant, plaintiff appeals.

Motion in supreme court by defendant to dismiss ap-
peal.

*Mayes & Longstreet,* for motion.

*George S. Dodds & Luther Whittington,* for appellant.

The only point which appellant desires to call the
court's attention to in this case, is the ground mentioned
in the assignment of error, to-wit: That the term of
court at which this cause was tried below, was not held
or convened within the time prescribed by the act of the
legislature of Mississippi for the holding of said court.
The record in this case will disclose the fact that said
term of the circuit court of Franklin county, at which
the above styled cause was tried, was convened several
weeks before the time provided for the convening of said
court by law. Consequently all of the acts and proceed-
ings of said term of court are null and its judgments a
nullity: Vol. 11 of Cyc., page 728 and the authorities
therein cited; Vol. 13, Cen. Digest, title "Courts," § 217.

For the time when said terms of court should be held see acts of the legislature of Mississippi, 1910.

We think it is only necessary to call this court's attention to the point raised by the assignment of error, and are content to conclude this brief with the following announcement of the general principle of law found in the volume of Cyclopedia above mentioned, which is in the following language: "All proceedings in a court at a time when the holdings of such court is unauthorized by law, and its jurisdiction is not exercised within the time prescribed, will be void."

We submit that this case should be reversed and remanded for a new trial.

*Mayes & Longstreet,* for appellee.

We respectfully represent unto the court that the term of court being wholly unauthorized and unlawful, the proceedings and judgments of same were void and of no effect. It was not a *de facto* court, and a circuit judge, under the laws of the state had no power to hold said court as a special term, except in the mode provided by law for the calling of special and extra terms.

We now beg to assert that if the proceedings were filed, and if the trial and the judgment entered in this case were an absolute nullity, no appeal therefrom may be prosecuted to this honorable court.

In the case of *Campbell* v. *Chandler,* 37 Texas, page 32, it is held that a judgment or decree of a district court, pronounced at a time when, by law, no district court could be held, is not appealable.

See also *Doss* v. *Waggoner,* 3 Tex. 515; *Hodges* v. *Ward,* 1 Tex. 244.

In the case of *Backer* v. *Eble,* 144 Ind. 287, 43 N. E. Rep. 233, it is held that where a judgment is void because rendered in vacation, no appeal lies therefrom.

In the case of *Staab* v. *Atl. R. R. Co.,* 3 N. M 349, 9 Pac. Rep. 381, it is held that a judgment in an action at law

begun and ended in vacation, is void; and there being, therefore, no final judgment, an appeal therefrom will be dismissed.

The court will observe that this is not a judgment which is merely erroneous and irregular, or avoidable, and which ordinarily could not be attacked collaterally; but it is an absolutely void judgment, a nullity, and could be attacked collaterally, and, therefore, no appeal could be prosecuted from it. *Parisot* v. *Green,* 46 Miss. 746; *Kelly* v. *Harrison,* 69 Miss. 956.

The court will further observe that no valid process of any sort could be issued on this judgment; and that it may easily be avoided by proper proceedings. The question of appellant's right to appeal, in event his proceedings are not upheld, will be an entirely different question.

It is evident that this court will not consider this course and reverse and remand it, as it cannot remand a cause of this character, when there has been no valid final judgment, to a court from which it was appealed without color of law.

For the reasons stated, we respectfully submit that the appeal should be dismissed.

MAYES, C. J., delivered the opinion of the court.

The appellee filed a motion to dismiss this appeal on the ground that the court was held at an unauthorized time. It appears that at the time the court was held it was not at a general term, and no special term had been called. Under Laws 1910, p. 86, the regular term for holding circuit court in Franklin county is fixed on the fourth Monday of June. The term of the court is for civil business only, though two other terms of court are held in the county, on the fourth Monday of April and the third Monday of January. The introduction of the June term into the time for holding court in Franklin county seems to have been made in 1910 for the first time.

Doubtless this change was not called to the attention of the learned circuit judge and other officers of the court, and the court convened in Franklin county on the second Monday of June, in place of the fourth Monday. Whereupon, on the fourth day, this case was called and heard, resulting in a judgment in favor of appellee.

The court was held at an unauthorized time, and it seems well settled that all proceedings in a court, at a time when the holding of such court is unauthorized by law, and its jurisdiction is not exercised within the time prescribed for the term to be held, are void. See pages 728, 11 Cyc., and notes.

*Motion sustained, and appeal dismissed.*