HENDERSON MOLPUS CO. *v.* GAMMILL.*

(In Banc. Feb. 27, 1928.)

[115 So. 716. No. 26866.]

1. TAXATION. *To render acts of board of supervisors in approving assessment rolls valid, jurisdictional facts must appear of record.*
   In order to render acts of board of supervisors in equalizing assessments and approving assessment rolls valid, all jurisdictional facts must appear of record, and it is not permissible to show existence of such jurisdictional facts by evidence *aliunde* the records, since board of supervisors in equalizing assessments and approving assessment rolls acts as court of special and limited jurisdiction.

2. TAXATION. *Giving notice that assessment rolls were open to objections was necessary to confer jurisdiction on supervisors to equalize and approve assessment rolls (Laws 1920, chapter 323, section 5).*

Giving of notice to taxpayers that assessment rolls had been equalized and were ready and open to examination and objections as required by Laws 1920, chapter 323, section 5, was necessary to confer jurisdiction upon board of supervisors to equalize and approve assessment rolls.

3. TAXATION. *Where fact that notice was given that assessment rolls were open to objections did not appear of record, proceedings approving rolls were void (Laws 1920, chapter 323, section 5).*

Where fact that notice had been given to taxpayers that assessment rolls had been equalized and were ready and open to examination and objections, as required by Laws 1920, chapter 323, section 5, did not affirmatively appear of record in proceedings of board of supervisors to equalize and approve rolls, proceedings were void, since, where court exercises special, limited, statutory jurisdiction, nothing is presumed in aid of its jurisdiction.

4. TAXATION. *That notice was actually given that rolls were open to objections did not make valid order approving assessment rolls where such fact did not appear of record (Laws 1920, chapter 323, section 5).*

That notice had actually been given to taxpayers that assessment rolls had been equalized and were ready and open to examination and objections as required by Laws 1920, chapter 323, section 5, could not make valid order of board of supervisors approving assessment rolls which was void for reason that this jurisdictional fact did not appear of record in proceedings to equalize and approve assessment.

5. TAXATION. *That notice was given taxpayers that rolls were open to objections could not be shown by copies of newspaper filed in chancery clerk's office (Laws 1920, chapter 323, section 5; Hemingway's Code 1927, section 300).*

Where fact that notice had been given to taxpayers that assessment rolls had been equalized and were ready and open to examination and objections as required by Laws 1920, chapter 323, section 5, did not appear of record in proceedings to equalize and approve rolls, it was not competent to show that such notice appeared in copies of newspaper filed in office of chancery clerk of county pursuant to Hemingway's Code 1927, section 300 (Code 1906, section 531), since this file of newspapers was not

149 Miss.—37.

part of record of proceedings of board of supervisors in equalizing and approving assessments.

6. TAXATION. *Where proceedings approving assessment roll were void, owner of record title could have tax collector's deed canceled (Laws of 1920, chapter 323, section 5).*

Where proceedings of board of supervisors equalizing and approving assessment roll were void because fact that notice required by Laws of 1920, chapter 323, section 5, was given taxpayers, did not appear of record in proceedings, owner of record title was entitled to have tax collector's deed canceled.

*Corpus Juris-Cyc. References: Taxation, 37Cyc, p. 1098, n. 96; p. 1107, n. 57; p. 1108, n. 60; p. 1493, n. 13; As to necessity of notice and opportunity to be heard as essential to valid assessment of property for taxation, see annotation in L. R. A. 1916E, 5; 26 R. C. L. 345; 4 R. C. L. Supp. 1662.

APPEAL from chancery court of Leake county.
HON. T. P. GUYTON, Chancellor.

Suit by the Henderson Molpus Company against Stewart Gammill, trustee, to cancel a tax collector's deed. From a decree dismissing the bill, plaintiff appeals. Reversed and remanded.

*Amis, Dunn & Snow,* for appellant.

By the agreed statement of facts, the appellee admits that Exhibits B, C, and D, to the bill of complaint, contain all of the orders with reference to equalizing and approving the assessment roll of 1921, as shown by the minutes of the board of supervisors. The assessment in question was made pursuant to the provisions of chapter 323 of the Laws of 1920, and pursuant to section 5 of that act, the board of supervisors entered an order at its July, 1921 term, reciting that it had examined the assessment roll and had made such changes and corrections as were found necessary to fix the assessments of property at its actual value, so as to establish an equality and uniformity of taxation among the taxpayers of the coun-

ty and ordered the publication of a notice to the tax-payers, to be published in the Carthaginian.

A copy of this notice, was actually published in the Carthaginian, on July the 21st, and 28th, 1921, but no proof of publication of that notice or of any other notice was ever made up or filed with the clerk of the board; nor with any member of the board; nor was any such proof of publication on file at the time when the orders, Exhibits C and D to the bill of complaint, were rendered by the board of supervisors. But notwithstanding there was no such proof of publication made up or filed, the board of supervisors, at its August, 1921 term, undertook to hear objections to assessments and to equalize and finally approve the rolls, without reciting or adjudicating anywhere that the notice required by section 5 of chapter 323 had ever been published and also thereafter, at its November, 1921 meeting, confirmed the order of the state tax commissioner, approving the rolls and fully and finally approved the roll.

In equalizing and approving assessments of property and hearing objection thereto, the board of supervisors exercised a special and limited statutory jurisdiction; and since, by section 5 of chapter 323 of the Laws of 1920, the board of supervisors was required to notify the public that the rolls so equalized were ready and open for inspection and examination, it had no authority to proceed to examine, equalize or approve the rolls, without first having made the publication required. The only competent evidence of the publication of such a notice, is the *record of the proceedings of the board of supervisors, as shown by its minutes;* and since the minutes of the board failed to recite or adjudicate that such notice was given, and since no proof of publication of such notice was ever made up or filed, then there is no competent evidence that any such notice was ever given or published, and hence no evidence that the board ever

acquired jurisdiction of the taxpayers of the county in the matter of equalizing the assessments, hearing objections thereto and approving the assessment roll, and therefore, the assessment was wholly void.

As we understand *State* v. *Wyoming Mfg. Co.,* 138 Miss. 249, section 5 of chapter 323, Laws of 1920, supersedes and repeals section 6937, Hemingway's Code 1917.

The uniform holding of this court is, that where a court exercises a special, limited statutory jurisdiction, nothing is ever presumed in aid of its jurisdiction, but the record of its proceedings must show affirmatively the existence of every jurisdictional fact, necessary to authorize it to act, otherwise its proceedings and judgments are wholly void. *Board of Supervisors* v. *Ottley,* 146 Miss. 118, 112 So. 466; *Monroe County* v. *Minga,* 127 Miss. 702, 90 So. 443; *Smythe* v. *Whitehead,* 133 Miss. 184; *Robertson* v. *Bank,* 115 Miss. 840; *Henry* v. *Board of Supervisors,* 111 Miss. 434; *Robb* v. *Telegraph Company,* 104 Miss. 165; *Adams* v. *Bank,* 103 Miss. 744; *Bolivar County* v. *Coleman,* 71 Miss. 836; *McElroy* v. *Marks,* 67 Miss. 644.

Where publication is required by statute, such publication is a necessary jurisdictional fact which must be strictly pursued and which must be shown by the record of the proceedings, else the proceedings and the judgment are void. *Robertson* v. *Bank,* 115 Miss. 846. See, also, *Cameron* v. *Whittington,* 120 Miss. 595, where this court said: "The notices required by section 4303, form a part of a statutory substitute for personal summons and under the state and federal Constitution, notice must be given the taxpayer with opportunity to be heard before the assessment can become final and binding." See, also, *Board of Supervisors* v. *Ottley,* 146 Miss. 118, 112 So. 466; *Robb* v. *Telegraph Company,* 104 Miss. 165. The fact of publication must be shown by the minutes of the board of supervisors, otherwise its proceedings and judgments are void. *Adams* v. *Banks,*

103 Miss. 744; *Aden* v. *Board of Supervisors,* 142 Miss. 696.

The board of supervisors can speak *only through its* minutes; its minutes are the only evidence of what it did, and that when it makes a contract its minutes are the only evidence of that contract. *Amite County* v. *Mills,* 138 Miss. 222; *Smith County* v. *Mangum,* 127 Miss. 192.

One defense to this contention, made by the appellee, is that the chancery clerk of the county, pursuant to section 288, Hemingway's Code 1917, subscribed for the Carthaginian, and that he kept a file of it in his office. Conceding this to be the fact, yet, it is not competent evidence to show that the board of supervisors had jurisdiction of the taxpayers in the matter of the equalization and approval of the assessment roll. Those newspapers were not a part of the record in any cause pending before the board of supervisors or before the chancery court, circuit court or any other court. The jurisdictional facts must appear from the record of the proceedings, in the particular matter or cause. The other defense made by the appellee, is that at the August meeting 1921, of the board of supervisors, the editor of the Carthaginian presented a claim against the county to the amount of forty-seven dollars and thirty-eight cents for publication of various notices, to which was attached a clipping from the newspaper of each notice so published; and that among those notices was a clipping of the notice to taxpayers, being the same notice as was required to be published by the order of the board of supervisors, entered at its July meeting, 1921. It will be noted that the claim is not sworn to nor was there any proof of publication of either of these notices.

Since the assessment of 1921 was void for want of jurisdiction in the board of supervisors to equalize and approve the assessment roll, then the appellee's claim of title under the tax collector's deed is not aided in any way by the provisions of section 6966, Hemingway's

Code, 1917, which provides the form and defines the effect of a tax collector's conveyance; because to so hold would be to deprive the owner of his property without due process of law. *Gee* v. *Tucker,* 127 Miss. 866; *Fairley* v. *Albritton,* 121 Miss. 714; *Howie* v. *Alford,* 100 Miss. 485; *Seals* v. *Perkins,* 96 Miss. 704; *Scarborough* v. *Elmer,* 87 Miss. 508; *Hawkins* v. *Mangum,* 78 Miss. 97. Nor is appellee's claim of title aided in any way by section 1643, Hemingway's Code 1917, which provides that a tax collector's deed "shall be *prima-facie* evidence that the assessment and sale of the land were legal and valid." That statute is a mere rule of evidence which raises a presumption, in the absence of proof to the contrary, that the assessment and sale were legal and valid. *Wheeler* v. *Ligon,* 62 Miss. 560; *McGuire* v. *Union Investment Co.,* 76 Miss. 868. Nor does *Herndon* v. *Mayfield,* 79 Miss. 533, hold differently because it clearly appears in that case that there was a hiatus in the proof offered to rebut the *prima-facie* presumption raised by the tax collector's deed. In the case at bar there is no such hiatus. The facts are all in evidence, and since they are, the case must be decided on the facts and not on the presumption. *M. & O. R. R. Co.* v. *Robinson,* 132 Miss. 841; *Davis* v. *Temple,* 129 Miss. 6; *Hines* v. *Thompson,* 123 Miss. 634; *A. & V. R. R. Co.* v. *Thornhill,* 107 Miss. 387.

*Watkins, Watkins & Eager,* for appellee.

This suit was based upon *Lowndes County* v. *Otteley,* 146 Miss. 118, 112 So. 466, which case concerned the validity of building bonds for a school district. There is a distinction between this case and the case at bar. One was a special assessment for school district bonds ordered to be issued by the board when the record affirmatively shows that it had no knowledge of whether the laws respecting special elections had been complied with or not. The case at bar is a question of *ad valorem* taxes

and the procedure and time for the assessment never changes year in and year out. We respectfully submit that the Otteley case has no application to this case.

Appellant admits that the publication of the notice was actually made, that copies of the actual newspapers were on file in the office of the board of supervisors with its clerk at the time it met and approved and equalized the rolls, and the record further shows that actual copies of the notices were filed with the board of supervisors by the publisher of the newspaper on the day that the board approved and equalized the rolls. Copies of the newspapers containing these notices were kept in compliance with section 288, Hemingway's Code, 1917. These copies became permanent records. Appellant denies that their newspaper records of the proceedings of the board of supervisors were competent evidence, maintaining that the only way this jurisdictional fact can be shown is by a minute of the board showing an adjudication of these facts. We contend that these jurisdictional facts do not have to be shown by the minutes of the board if they can be shown by other records of its proceedings, and that these newspaper publications on file in its office are legal records of its proceedings.

Upon the filing of the assessment roll the board obtained jurisdiction of the subject-matter, and a presumption will be thereafter had as to all other jurisdictional facts. In *Carson* v. *Carson,* 31 Miss. 578, it was held that, with respect to courts of special jurisdiction, the rule is that all necessary jurisdictional facts must be shown by the record in order to sustain jurisdiction; but that this rule applies only to questions of jurisdiction as to the *subject-matter* and *not* to the person, for whenever jurisdiction has once vested, as to the subject-matter the rules which govern its exercise as to the person, with respect to evidence, process, etc., are the same as those applicable to court of general jurisdiction. To the same effect are, *Pollock* v. *Pollock,* 43 Miss. 140; *McWil-*

*liams* v. *Norfleet,* 60 Miss. 987; *Cannon* v. *Cooper,* 39
Miss. 784, 789. Where, as in this case the minutes of the
board do not state that the publication has been made,
it is proper to introduce the newspaper issues themselves
to see if the publication was made, and it was proper to
introduce the county's own permanent copies of these
papers with the publications in them. The object of the
requirements of section 288, Hemingway's Code is for
just such a case as the case at bar.

We rely upon *Aultman* v. *Fleming,* 147 Miss. 127, 113
So. 200, where the same questions were raised which are
now before the court. The orders of the board of super-
visors of Lawrence county in respect to the filing, approv-
al and equalization of the assessment rolls, and the no-
tice ordered to be published to the taxpayers, are iden-
tical with the orders in the case at bar. There was no
adjudication on the minutes that the notices required
to be given the taxpayers had been published, no proof
of publication, and proof of the publication of the notices
was made on the trial of the case by introducing the
actual copies of the Lawrence county press. The court
held that the tax title was properly confirmed.

So far as the assessment is concerned the order of the
board in reference thereto is cured by section 6940, Hem-
ingway's Code, 1917.

It appears from this section of the code that it certain-
ly was not the intention of the legislature to require an
adjudication that the notices had been published. In
*Herndon* v. *Mayfield,* 79 Miss. 533, it was contended that
an order of the board of supervisors extending the time
for the assessor to complete and file the assessment rolls
was void because the jurisdiction of the board was spe-
cial and limited and that its authority for extending the
time for the returning of the rolls must appear upon the
face of the order. The court said: "It was not neces-
sary that the board should have set out in its order the
grounds of its action, or the evidence of its judgment as

to the competency of Holmes as assessor, or of his excuse for not having already completed the assessment. The order made by the board, in effect, decided both questions in his favor; that is to say, his capability of making the assessment, and the existence of a good cause for his failure to complete and return his assessment at the July meeting of the board.'' We contend that the order of the board of supervisors in this case is an adjudication, by inference at least, that everything required to be done by law in making the assessment had been done.

Appellant cites a good many cases but we do not think that they are in point. They are not applicable to the case at bar. *Lowndes County* v. *Ottley,* 146 Miss. 118, 112 So. 466; *Monroe County* v. *Minga,* 127 Miss. 702, and *Hinton* v. *Perry County,* 84 Miss. 536, are cases involving bond issues and concern no question such as is before the court in this case.

*Amis, Dunn & Snow,* in reply for appellant.

Counsel say that this suit is based on the decision of this court in the *Ottley case,* 146 Miss. 118, and approve the holding in that case. Our first contention is supported by numerous cases cited. Counsel concede that the board of supervisors, in equalizing and approving assessment rolls, acts of a court of special and limited jurisdiction, but contend that upon the filing of the assessment roll the board obtained jurisdiction of the subject-matter and that a presumption will thereafter be indulged as to all other jurisdictional facts, and in support of that contention cite *Carson* v. *Carson,* 31 Miss. 578. The decision in the Carson case is at variance with the later decisions of this court, especially *Roberson* v. *Bank,* 115 Miss. 846; *Cameron* v. *Whittington,* 120 Miss. 595; *Robb* v. *Telegraph Co.,* 104 Miss. 165; *Aden* v. *Board of Supervisors,* 142 Miss. 696, and *Board of Supervisors* v. *Ottley,* 146 Miss. 118, 112 So. 466. We are unable to rec-

oncile the decision in the Carson case with the later decisions of this court.

Argued orally by *A. B. Amis,* for appellant, and *Hardy R. McGowen,* for appellee.

Cook, J.   The appellant, as owner of the record title to the land in controversy, filed its bill of complaint in the chancery court of Leake county, seeking to cancel a tax collector's deed, which was executed pursuant to a tax sale on April 2, 1923, and purports to convey said land to the appellee; and, from a decree denying the relief prayed for and dismissing the bill, this appeal was prosecuted.

The bill of complaint attacked the validity of the said tax collector's deed upon two grounds; namely,

"(1)   That the alleged tax sale was made by the tax collector pursuant to an assessment of the lands of Leake county, made in 1921, and that the record of the proceedings of the board of supervisors, in the matter of the equalization and approval of the land assessment roll of the county for 1921, does not show the publication of the notices required by section 6937, Hemingway's Code of 1917, or by section 5, chapter 323, of the Laws of 1920. That therefore there is no competent evidence to show that the board of supervisors ever acquired jurisdiction of the taxpayers of the county for the purpose of equalizing and approving the assessment roll, and hence there was no valid or lawful assessment of the lands of the county, and the tax sale held pursuant thereto was void.

"(2)   That, even conceding the tax sale to have been valid, yet the fact that the appellee immediately thereafter, in the year 1923, caused the land to be assessed to himself, was such an unlawful and fraudulent interference by him with appellant's rights, and with the orderly processes of the law relating to sales of land for taxes, as to preclude and estop him from claiming the land under said tax collector's deed."

By an agreed statement of facts, which appears in the record, it is admitted that the appellant was the owner in fee simple of the land in controversy at the time of the tax sale on April 2, 1923, and that it had never conveyed its title to any one; that the land was delinquent for the taxes claimed to be due for the year 1922; that a tax sale of the said land was made by the sheriff and tax collector on the 2d day of April, 1923, and a tax collector's deed was duly filed for redemption, as required by law, but the land was never redeemed from said tax sale; and that, after the expiration of the period for redemption, the deed was delivered to the purchaser, Stewart Gammill, trustee, and was duly filed for record in the office of the chancery clerk of the county.

It was further agreed that the said tax sale was made pursuant to an assessment of the lands in Leake county, made in the year 1921; that the only orders of the board of supervisors of Leake county which were made touching the approval of the land assessment roll of 1921 were as contained in Exhibits B, C, and D to the bill of complaint; that, after his purchase of the land at the tax sale on April 2, 1923, Stewart Gammill, trustee, caused the said land to be assessed to himself on the land assessment roll of Leake county for the year 1923, and caused the same to remain so assessed since that time; that no affidavit of publication of any notice to taxpayers by the assessor of Leake county, nor by the board of supervisors, nor by the clerk of such board, touching the filing of the assessment roll of 1921, or giving notice to the said taxpayers that the said roll was on file and open to public inspection, and to file objections to the said assessment, was ever made up or filed with the clerk of the said board of supervisors, or with any member thereof; that no affidavit of the printer or publisher of any newspapers, or by any one else, that such publication had been made, was before the board of supervisors at the time the orders, Exhibits C and D to the bill of complaint, were made by said board.

It was further admitted that, in fact, the notice to the taxpayers of the county of the filing of the assessment roll was duly made by the tax assessor for the year 1921, by proper publication in a newspaper published in the county; that said notice of the assessor appeared in the copies of said newspaper that were filed and kept in a bound volume in the office of the chancery clerk, as required by statute; that subsequent to the order of the board of supervisors, passed on July 21, 1921, which order is identified as Exhibit B to the complaint, and pursuant to such order, the clerk of the board of supervisors published a notice to the taxpayers of Leake county, the said notice appearing in a newspaper published in the county on July 21 and July 28, 1921.

It was further admitted that the taxes claimed to be due on said land were unpaid for the year 1922 at the time of said tax sale; that said land was at the time of said sale assessed to Dr. W. P. Edwards, who had no legal title thereto; that the said Dr. Edwards had become the purchaser of said land at a former tax sale, but it was properly redeemed from said sale by the appellant; and that appellee has paid all taxes on said land since its purchase at the tax sale.

It was further agreed and stipulated, however, that all of said admissions were made by the complainant—"as mere admissions of the facts stated, without admitting that they are competent to show the jurisdiction of the board of supervisors to enter an order approving the assessment roll of 1921 or competent to show that proper and lawful notices were ever given to the taxpayers of Leake county, Miss., touching the approval of said roll, and that said roll was open to public inspection and filing of objections thereto, or to show that the board of supervisors had acquired jurisdiction of the taxpayers of said county in the matter of the approval of said assessment roll; *it being the intention of this agreement and admission by both parties to agree upon the facts but to re-*

serve the questions as to the competency of such facts as competent evidence for the decision of the court."

The order to the board of supervisors, which was passed at the July, 1921, session, and is filed as Exhibit B to the bill of complaint, is as follows:

"The board of supervisors, having examined the rolls filed by T. H. Brooks, the assessor of said county, of assessments, as of the 1st day of February, 1921, of real and personal property in said county, and having made such changes and corrections in said rolls as were found necessary to fix the assessments of real and personal property to its owners and at its actual value so as to establish an equality and uniformity of taxation among the taxpayers of said county, according to the value of their property, does hereby approve the said assessment rolls as so fixed; and it is further ordered that the following notice be posted in the courthouse and be published in the Carthaginian, a newspaper published at Carthage, Miss., and having a circulation in said county, to-wit:

" 'To the Taxpayers of Leake County, State of Mississippi:

" 'You will please take notice that the assessments of real and personal property on the rolls for 1921 have been changed and corrected by this board so as to comply with the laws of this state, and that said revised rolls are now open for examination, and that. any objections to any assessments contained in said revised rolls must be made in writing and filed with the clerk of this board on or before the first Monday of August, 1921, at his office in the town of Carthage, Miss., said county, and that any or all assessments to which no objection is then and there made will be made final.' "

The order passed at the August, 1921, meeting of the board, which is filed as Exhibit C to the bill of complaint, reads as follows:

"The board of supervisors met in the chancery clerk's office, in the town of Carthage, Miss., said county, on the

1st day of August, 1921, being the first Monday of August, 1921, and it continuing in session from day to day, hearing objections to assessments, taking testimony of witnesses, and examining books, records, and papers with reference to the assessments of property. It made such changes in the assessments (as fixed by it on the rolls, at its July, 1921, meeting) that it was satisfied should be made to fix the assessments of property at its actual value so as to establish an equality and uniformity of taxation according to value among the taxpayers of said county. Now, being satisfied that said assessment rolls contain assessments fair, equal, uniform, and just, according to the value of the real and personal property therein described, it is therefore hereby ordered that the said rolls and assessments therein now contained be and they are hereby accepted, approved, and made final and the final recapitulations of said assessment rolls be certified to the state tax commission on the blanks furnished by it.''

It will be noted that the order, Exhibit C, passed at the August meeting of the board, does not recite that the notice to the taxpayers that such roll so equalized was ready and open for inspection and examination, as required by section 5, chapter 323, Laws of 1920, had been published or given; and the exact contention of appellant, as stated by counsel, is:

''That, in equalizing and approving assessments of property and hearing objection thereto, the board of supervisors exercised a special and limited statutory jurisdiction. That since, by section 5 of chapter 323 of the Laws of 1920, the board of supervisors was required to notify the public that the rolls so equalized were ready and open for inspection and examination, it had no authority to proceed to examine, equalize, or approve the rolls, without first having made the publication required. That the only competent evidence of the publication of such a notice is the record of the proceedings of the board

of supervisors, as shown by its minutes; and, since the minutes of the board failed to recite or adjudicate that such notice was given, and since no proof of publication of such notice was ever made up or filed, then there is no competent evidence that any such notice was ever given or published, and hence no evidence that the board ever acquired jurisdiction of the taxpayers of the county in the matter of equalizing the assessments, hearing objections thereto and approving the assessment roll, and therefore the assessment was wholly void.''

That, in equalizing assessments and approving assessment rolls, the board of supervisors acts as a court of special and limited jurisdiction is too well settled in this state to require the citation of authority, and counsel for appellee do not contest that proposition. It is equally well settled that, in order to render the acts of a court of special and limited jurisdiction valid, it is necessary that all jurisdictional facts appear of record, and it is not permissible to show the existence of such jurisdictional facts by evidence *aliunde* the record. In the case at bar, the fact that notice had been given to the taxpayers that the assessment rolls had been equalized and were ready and open to examination and objections, as required by section 5, chapter 323, Laws of 1920, does not appear on the face of the orders of the supervisors, or otherwise from the record of the proceedings to equalize and approve the assessments, and it therefore appears that the first, and in fact the decisive, question is whether or not the giving of such notice to taxpayers is necessary to confer jurisdiction on the board to correct, equalize, and approve the rolls.

In the case of *State* v. *Wyoming Manufacturing Co.,* 138 Miss. 249, 103 So. 11, the court held that the notice required by section 5, chapter 323, Laws of 1920, and the notice required by section 4303, Code 1906 (section 8225, Hemingway's 1927 Code), were provided for exactly the same purpose; and that consequently section 5, chapter

323, Laws of 1920, being the later act, supersedes section 4303, Code 1906 (section 8225, Hemingway's 1927 Code), in so far as the notice required thereby is concerned. Before the enactment of chapter 323, Laws of 1920, however, the necessity of giving the notice required by section 4303, Code 1906, and the effect of a failure to give this notice, were considered by this court in the case of *Cameron* v. *Whittington,* 120 Miss. 595, 82 So. 311; and what was there said with reference to the notice applies with equal force to the notice required by section 5 of said chapter 323, Laws of 1920, which superseded and was intended to accomplish the same purpose as section 4303, Code 1906 (section 8225, Hemingway's 1927 Code). In the *Cameron* v. *Whittington Case, supra,* in discussing the question, the court held that:

"The notices required by section 4303 form a part of a statutory substitute for personal summons, and under the state and federal Constitutions notice must be given the taxpayer and opportunity to be heard before the assessment can become final and binding."

And it was further held that:

"Where the law fixes a definite time and place for a person to appear, with opportunity to be heard, and provides that this notice shall be sufficient, it has been held this would constitute due process of law; but, where the statute prescribes other and additional notice to be given, such notice must be given in accordance with the statute."

In the case of *Robertson* v. *Bank,* 115 Miss. 840, 76 So. 689, in discussing the effect of the failure of the board of supervisors to give the notice required by section 6, chapter 98, Laws of 1916 (section 9350, Hemingway's 1927 Code), before making changes or corrections in the rolls, in compliance with an order of the state tax commission so to do, the court said:

"This notice is the due process of law which brings the individual taxpayers into court and renders the decision of the board of supervisors binding upon them. Unless

this notice be given in accordance with section 6 of the State Tax Commission Act, the board of supervisors is without jurisdiction to equalize these taxes. The order of the board of supervisors at this special October meeting, which is above quoted, affirmatively shows that this notice was not given. Having failed to give this notice, the board was without jurisdiction to raise the assessment of this appellee. . . .

"It is too well settled in this state for us to cite authorities, that, in this instance, the board was acting as a court of limited jurisdiction, and that all of the jurisdictional facts must appear upon the minutes of the board to render its proceedings valid.

"From the above it follows that the failure of the board of supervisors to give the five days' notice, as required by section 6 of the state tax commission statute (chapter 98, Laws of 1916), prevented them from acquiring jurisdiction of the appellee, and rendered their orders and proceedings upon which they attempted to raise this assessment absolutely void."

The ruling of the court in the above-mentioned cases upon the question of the necessity of notice to the taxpayers appears to be decisive of the question now under consideration, and these cases lead to the conclusion that the giving of the notice required by section 5, chapter 323, Laws of 1920, is necessary to confer jurisdiction upon the board of supervisors to equalize and approve the assessment rolls. And, since the notice to the taxpayers is necessary to confer jurisdiction upon the board of supervisors, the fact that such notice was given must affirmatively appear of record in the proceedings to equalize and approve the rolls, as it is established by a long line of decisions of this court that, where a court exercises a special, limited, statutory jurisdiction, nothing is presumed in aid of its jurisdiction, but the record of its proceedings must affirmatively show the existence of every jurisdictional fact necessary to authorize it to act;

149 Miss.—38.

otherwise its proceedings and judgments are void. *Board of Supervisors* v. *Ottley,* 146 Miss. 118, 112 So. 466; *Aden* v. *Board of Supervisors,* 142 Miss. 696, 107 So. 753; *Smythe* v. *Whitehead,* 133 Miss. 184, 97 So. 529; *Monroe County* v. *Minga,* 127 Miss. 702, 90 So. 443; *Robertson* v. *Bank,* 115 Miss. 840, 76 So. 689; *Henry* v. *Board of Supervisors,* 111 Miss. 434, 71 So. 742; *Robb* v. *Telegraph Co.,* 104 Miss. 165, 61 So. 170, 977; *Adams* v. *Bank,* 103 Miss. 744, 60 So. 770; *Hinton* v. *Perry County,* 84 Miss. 536, 36 So. 565; *Bolivar County* v. *Coleman,* 71 Miss. 836, 15 So. 107; *Marks* v. *McElroy,* 67 Miss. 545, 7 So. 408.

It is not necessary to here decide whether the fact that such notice was given must appear on the minutes of the board of supervisors, for the reason that, in the case at bar, the fact that such notice was given does not appear on the face of the orders of the board or otherwise of record. It is shown by evidence, and admissions of fact *aliunde* the record that such notice was, in fact, given, but this can give no validity to the orders of the board which were void for the reason that this necessary jurisdictional fact does not appear of record in the proceedings to equalize and approve the assessment. It is contended by counsel that it was competent to show that such a notice appears in the copies of a newspaper that are filed in the office of the chancery clerk of the county, pursuant to the requirements of section 531, Code 1906 (section 300, Hemingway's 1927 Code). This section requires the clerk of the chancery court to subscribe for such of the newspapers published in the county as the court or chancellor may direct, not exceeding two, and to file and preserve the same in his office, but this file of newspapers in the chancery clerk's office is in no sense any part of the record of the proceedings of the board of supervisors in equalizing and approving assessments. The jurisdictional facts must appear from the record of the proceedings in the particular matter or cause, and it

is not sufficient that proof *aliunde* the record is available by which the existence, of the jurisdictional facts may be established.

For the reason that the record of the proceedings of the board of supervisors in equalizing and approving the assessment upon which the tax sale was based does not show facts necessary to confer jurisdiction upon the board to approve the assessment roll, the decree of the court below will be reversed, and the cause remanded, for a decree by the court below canceling the tax collector's deed, and for an accounting as to the taxes paid by appellee.

*Reversed and remanded.*