GORDON *et al. v.* SMITH.

(In Banc.   June 10, 1929.)

[122 So. 762.   No. 27640.]

*Franklin, Easterling & Fox,* of Jackson, for appellants.

*Robertson & Campbell,* of Jackson, for appellee.

Cook, J., delivered the opinion of the court.

The appellee, Mrs. G. P. Smith, as the sole devisee under the last will and testament of her husband, G. P. Smith, deceased, filed a bill of complaint in the chancery court of the First district of Hinds county against W. S. Gordon, the Belhaven Heights Company, and the Merchants' Bank & Trust Company, seeking to cancel their claims to lot 10 of block 13 of Belhaven Heights, of Jackson, Miss., which said lot had been sold on the first Monday of April, 1911, for the state and county taxes due thereon for the year 1910. A demurrer was interposed to the original bill, and thereupon the appellee filed an amended bill. The appellants filed an answer and cross-bill, and the cause was heard on the pleadings and proof, and a final decree was entered in favor of appellee holding that the assessment of said property for taxes for the years 1909 and 1910 was void, and canceling the purported tax collector's deed to the purchaser of said lot at said sale, and also canceling subsequent conveyances to appellants which were based upon this tax title; and from the decree so entered, this appeal was prosecuted.

After setting forth in detail the appellee's claim of title to said lot through a deed to her husband made in 1905, and through his last will and testament which had been duly probated in the chancery court of Forrest county, the bill of complaint charged that the tax collector of Hinds county undertook to sell said lot for the taxes due and delinquent thereon for the fiscal year 1910 under and pursuant to an assessment of the lands of Hinds county made in 1909, and under and pursuant to a levy of taxes made under said assessment for the fiscal year 1910; that on the first Monday of April, 1911, the said tax collector executed an alleged deed by which he attempted to sell and convey said land to the purchaser thereof at said tax sale; that on February 24, 1924, the grantee in said tax deed executed a quitclaim deed purporting to convey the land to the appellant W. S. Gordon; and thereafter the appellant Gordon attempted to convey to each of the other appellants an interest in the land.

The bill of complaint then charged that section 4303, Code 1906, which was in force and effect at the time of said assessment and sale for taxes, required that when the assessor returned and filed the assessment roll in the office of the clerk of the board of supervisors, he should give notice thereof and of the date of the meeting of the board of supervisors to consider the same, by publication in some newspaper published in the county, or if there be none, then by posting at the courthouse for three weeks, and provided that this notice or publication should be notice to all persons of the fact and of the contents of the roll so filed; and that all persons should be held to have notice of the time within which to file objections to the assessment and of the time when the board of supervisors would hear the same, and of its power to raise assessments thereat.

The bill of complaint then charged that it was the duty of the assessor to prepare and file the land assessment

rolls for the years 1909 and 1910 and to give the notice required by section 4303, Code 1906, and that "all the acts of the Assessor in making, returning and filing of the said land assessment roll, and all the acts of the board of supervisors in equalizing, approving and confirming the said Land Assessment Roll for the years 1909 and 1910, are void and of no effect; because it does not appear from the record of the proceedings of the board of supervisors of Hinds county that any publication of notice by the Assessor as required by said section 4303 of Mississippi Code of 1906, was ever made, nor does the record of said proceedings show that any proof of publication of the said notice was ever made or filed with the clerk of the board of supervisors."

Certified copies of certain orders and proceedings of the board of supervisors touching the equalization, approval, or confirmation of the assessment rolls, real and personal, for the years 1909 and 1910, were attached to the bill as an exhibit thereto; and it was charged that the said orders of the board contained in this exhibit were "all the orders that were made and entered by the board of supervisors in that matter, and that no proof of publication of either of the notices, as required by statute, was ever made or filed with the clerk of the board of supervisors, and therefore the assessment of lands in Hinds county for the years 1909 and 1910 are wholly void;" and that, consequently, the said assessment and sale and conveyance thereunder, as well as subsequent sales and conveyances to parties claiming under and through the purchaser at this tax sale, were void. The bill prayed that the said tax collector's deed to R. L. Hogue, the purchaser of said lot at said sale, and the subsequent conveyances to the appellant, be canceled.

The appellants filed an answer denying all the averments of the bill of complaint which challenged the validity of said tax collector's deed, and particularly denying that the said assessment roll was void for any of the rea-

sons assigned, or that the appellee was entitled to the relief prayed for, or any relief whatever, and, by way of cross-bill, prayed that if, for any reason, the said tax deed should be held to be void, then they be allowed to recover all taxes paid thereon since the date of said sale, with interest, damages, and costs.

At the trial of the cause, the orders of the board of supervisors touching the equalization and the approval of the assessment rolls for the years 1909 and 1910 were introduced in evidence, and these orders and proceedings failed to adjudicate or in any manner show that the tax assessor had given the notice required by section 4303, Code 1906, or that proof by publication of such notice had been made or filed; and no proof was offered by either side as to whether such notice had or had not in fact been given. The appellee offered in evidence a tax deed from the tax collector of Hinds county to R. L. Hogue, dated April 3, 1911.

The contentions of appellants, as stated by counsel, are: That the question of whether or not the assessor gave the notice required by law is one of fact, and the presumption is, unless proven to the contrary, that he performed the duty required of him by law; and that in the absence of any proof to the contrary, the tax collector's deed is *prima-facie* evidence of a good and valid sale, and must prevail unless overthrown by facts pleaded and proof offered at the hearing showing that the notices had not in fact been given in compliance with law. The appellee's contention is that the minutes of the board of supervisors must affirmatively show that the notice required by section 4303, Code 1906, had, in fact, been given, and in support of this contention she relies on the case of *Henderson Molpus Co.* v. *Gammill,* 149 Miss. 576, 115 So. 716. In the *Gammill case, supra,* it was held that the giving of the notice required by law to be given to taxpayers that the assessment rolls had been equalized and were ready

and open for examination and objection, as required by section 5, Chapter 323, Laws of 1920, was necessary to confer jurisdiction on the board of supervisors to correct, equalize, and approve the rolls, and that since the board of supervisors acts as a court of special and limited jurisdiction, the fact that such notice was given must affirmatively appear of record in the proceedings to equalize and approve the rolls, otherwise such proceedings are void, and tax sales based upon such rolls are likewise void; and this case appears to be decisive against the validity of the tax sale here involved unless the effect thereof can be avoided for one or both of two reasons assigned by the appellants.

Appellants first contend that the *Gammill case, supra,* is not controlling here, for the reason that section 5, chapter 323, Laws of 1920, which was in force at the time of the tax sale involved in that case was made, required that the board of supervisors should give the notice to taxpayers that the assessment rolls had been equalized and were ready and open for inspection and examination; and since the board of supervisors could only act, or order the publication of such notice by an order entered on its minutes, the fact that such notice had been given could only be proved by the minutes. But since section 4303, Code of 1906, which was in force in 1910, required the assessor to give this notice to taxpayers, and the board of supervisors had no duty to perform with reference thereto, it was unnecessary for the minutes of the board to show that the notice had been given. We do not think the effect of the rule announced in the *Gammill case, supra,* can be avoided upon any such ground or distinction. In the case of *State* v. *Wyoming Mfg. Co.,* 138 Miss. 249, 103 So. 11, and again in *Henderson Molpus Co.* v. *Gammill, supra,* it was held that section 5, chapter 323, Laws of 1920, supersedes section 4303, Code of 1906, and that the notices to taxpayers required by each

of these sections were provided for and intended to serve the same purpose. The giving of this notice, as required by section 4303, Code 1906, was necessary to confer jurisdiction upon the board of supervisors to consider, equalize, and approve or confirm the assessment rolls; and this being true, the fact that such notice was given must affirmatively appear on the minutes of the board to give validity to any of its acts and orders touching the equalization and approval of said rolls. In the case at bar, the fact that notice had been given of the filing of the assessment rolls and the date of the meeting of the board to consider the same, as required by section 4303, Code of 1906, does not appear on the minutes of the board; and, consequently, all acts and orders of the board in reference to the equalization and approval of the said rolls of 1909 and 1910 are void.

The appellants contend, however, that if it is held that the orders of the board of supervisors touching the equalization and approval of these assessments are void, still the assessment was valid under and by virtue of the provisions of section 4306, Code 1906, section 8228, Hemingway's 1927 Code, which provides that: "Assessments must be approved by an order of the board of supervisors entered on the minutes; but the failure to make and enter such order shall not vitiate the assessment if it shall appear that the assessment was made according to law."

It is the contention of the appellants that inasmuch as this statute provides that the failure of the board of supervisors to enter an order on its minutes approving the assessment roll shall not vitiate the assessment if it shall appear that the assessment was made according to law, the fact that the assessment was in all respects, except the entry on the minutes of the board of supervisors of a final order approving the rolls, made according to law, could be shown by parol evidence or documentary

evidence *aliunde* the record. The application and effect of this statute in a case where all the orders of the board of supervisors touching the consideration, equalization, and approval of an assessment roll were void for the reason that the minutes of the board failed to show the necessary jurisdictional fact that the notice to taxpayers required by law had been given, was not discussed or considered in the case of *Henderson Molpus Co.* v. *Gammill, supra;* but we do not think this statute was intended, or can be construed, to have the broad and sweeping effect contended for by counsel for appellants.

In the making, correcting, and final approval of assessment rolls, the board of supervisors is charged by law with numerous and important duties; the final act which the board is required to perform in reference thereto being an order entered on its minutes approving the same. Section 4305, Code 1906, section 8227, Hemingway's 1927 Code, provides that: "At the meeting for the hearing of objections to assessments, the board of supervisors shall not only hear and determine all objections that shall be filed, but it shall as well carefully examine the roll or rolls, and shall then and there cause to be assessed any person or thing that may be found to be omitted, and anything found to be undervalued may be correctly valued. And in the year in which land assessment is made the board shall carefully examine the land-roll and see that it embraces all of the land in the county, and correctly represents it as being the property of individuals or the state or United States, according to the fact, and taxable or not taxable according to law, and that all is correctly described so as to be identified with certainty, and that there are no double assessments; and all land improperly omitted from the roll shall be added thereto by the board or under its direction, and land incorrectly or insufficiently described shall be properly described, and land which is graded too low or undervalued

shall be properly graded and valued. And the board shall cause all corrections to be made in the rolls, which, being done, the board shall enter an order approving the assessments, with or without corrections, as the case may be, subject to the right of parties in interest to appeal as provided by law.''

Section 4306, Code 1906, section 8228, Hemingway's 1927 Code, supplies or cures the omission of the final act of the board of supervisors in reference to the making of an assessment, that is, the final order approving the roll, provided it shall appear that such assessment was made according to law. In order for it to appear that the said assessment was made according to law, it must appear on the minutes, as a jurisdictional and therefore as an indispensable requisite, that the statutory notice to taxpayers has been given. Whether it is necessary for anything further in reference to such assessment to appear on the minutes of the board, it is not here necessary to decide. The board of supervisors can only act by or through orders entered on its minutes. In the cases of *Cameron* v. *Whittington & McGhee*, 120 Miss. 595, 82 So. 311; *Robertson* v. *Bank*, 115 Miss. 840, 76 So. 689, and *Henderson-Molpus Co.* v. *Gammill*, *supra*, it was held that the required statutory notice to taxpayers was a statutory substitute for personal summons, and that the giving of this notice in accordance with the provisions of the statute was necessary to confer on the board of supervisors jurisdiction to correct and equalize the roll. And since the giving of this notice to taxpayers is necessary to confer jurisdiction on the board of supervisors to perform any of the duties required of it by law to complete the assessment roll, this jurisdictional fact must appear on the minutes of the board to give validity to any acts of the board in reference to said rolls, and before it can be said that it appears that the assessment was made according to law, and thereby bring into operation this curative statute which, by its express terms, merely sup-

plies the omission to enter on the minutes of the board a final order approving the roll. For the reasons herein indicated, the assessment upon which the tax collector's deed to R. L. Hogue was based was void, and therefore the decree of the court below canceling this deed and the subsequent conveyances to the appellants will be affirmed.

*Affirmed.*

Smith, C. J. (dissenting).

The order entered by the board of supervisors attempting to approve the assessment roll is, of course, void for the reason that it fails to recite a finding by the board that an essential jurisdictional fact existed. The case therefore is in the same attitude that it would have been if the board had made no attempt to enter an order approving the roll, and consequently the second clause of section 4306, Code of 1906, Hemingway's 1927 Code, section 8228 applies. That section provides: "Assessments must be approved by an order of the board of supervisors entered on the minutes; but the failure to make and enter such order shall not vitiate the assessment if it shall appear that the assessment was made according to law."

Before an assessment can be lawfully made, the owner of the property assessed must have an opportunity of being heard thereon, for which purpose section 4303, Code of 1906, Hemingway's 1927 Code, section 8225, required the tax assessor to publish a notice of the day on which the board of supervisors would meet and hear objections to the assessment roll. Under section 1983, Code of 1906, Hemingway's 1927 Code, section 1715, the appellant's tax deed is *prima-facie* evidence that this notice was published by the tax assessor. The appellee did not allege in her bill of complaint, nor did she introduce any evidence indicating, that this notice was not in fact published by the tax assessor. The appellant's *prima-facie* case was therefore not overturned, unless we hold that

the failure of the board of supervisors to adjudge and recite in its minutes that the notice was published raises a conclusive presumption that it was not published. The statute does not require the board of supervisors to enter an order on its minutes adjudging that this notice was given, and the necessity for so doing arises only when the board of supervisors enters an order correcting or approving the assessment roll, which necessity arises, not under any statute, but under the rule that an order or judgment rendered by a court of limited and special jurisdiction is void unless its record discloses that it had jurisdiction both of the subject-matter and of the person. The provision in the statute "if it shall appear that the assessment was made according to law" is not made the basis for any act of the board of supervisors, but is meant to cure nonaction by such boards, and refers to those things which must be done by the assessor in making up the roll, filing it with the board of supervisors, and publishing notice of the day on which property owners may appear before the board and object thereto. Whether an assessment has been made according to law must and can only be decided, unless the statute otherwise provides, by a court of law or equity charged with the duty of deciding justiciable controversies. The question therefore is a judicial one to be decided by the court on any competent evidence. This meaning and effect was given by this court to the words "if it shall appear that" in section 273 of the state Constitution, in *State ex rel. McClurg v. Powell,* 77 Miss. 543, 27 So. 927, 48 L. R. A. 652, and *State ex rel. Howie* v. *Brantley,* 113 Miss. 786, 74 So. 662, Ann Cas. 1917E, 723. Neither of these cases has been overruled on this point. An examination of section 273 of the Constitution will disclose that the legislature is required by it to act in a certain way "if it shall appear that" certain things have been done. No such requirement is made of the

board of supervisors by the statute here under consideration; consequently the construction given in the cases cited to the language "if it shall appear that" applies with greater force here.

The opinion of the majority of the court seems to proceed on the theory that notwithstanding the provision of section 1983, Code of 1906, Hemingway's 1927 Code, section 1715, that a tax deed "shall be *prima-facie* evidence that the assessment and sale of the land were legal and valid," the sale of the land must be held to be void unless it appears from a recital in the minutes of the board of supervisors that the assessment of the land was made according to law. This, I think, nullifies the *prima-facie* statute and places a burden on the holder of a tax title of which the statute was intended to relieve him. In the majority opinion it is said that "this jurisdictional fact" (the publication of the notice) "must appear on the minutes of the board . . . before it can be said that it appears that the assessment was made according to law, and thereby bringing into operation this curative statute." With all deference I submit that to so hold is not to construe, but to add to, the words of the statute and prevent it from having the effect which the legislature intended. In order to mean what the majority of my Associates say it means, the second clause of the statute should read as follows: "But the failure to make and enter such order shall not vitiate the assessment if it shall appear by a recital in the minutes of the board of supervisors that the assessment was made according to law."

In the case of *McDevitt* v. *Eliza Wall* (Miss.), 122 So. 766, this day decided, the bill of complaint expressly admitted that the notice had been given, but a majority of the court there held that that fact, the publication of the notice, does not juridically exist unless the board of supervisors so adjudges by an order to that effect entered

in its minutes; to so hold not only invalidates tax sales, but deprives the state and county of the right to collect taxes on an assessment roll which was made according to law, merely because the board of supervisors failed to so adjudge. It was this, and nothing but this, that the legislature intended to prevent by the second clause of section 4306, Code of 1906, Hemingway's Code of 1927, section 8228.

The opinion rendered in the case of *Henderson Molpus Co.* v. *Gammill,* 149 Miss. 576, 115 So. 716, is not controlling here, for section 4306, Code of 1906, Hemingway's Code of 1927, section 8228, was not therein considered.

For these reasons I am of the opinion that the judgment of the court below should be reversed.

I am requested by Judge ANDERSON to say that he concurs in this dissent.