SHARP *v.* SMITH *et al.*

(Division B. Feb. 7, 1938.)

[178 So. 595. No. 33018.]

W. M. Denny, of Jackson, for appellant.

**L. F. Easterling**, of Jackson, for appellees.

**Anderson, J.**, delivered the opinion of the court.

Appellees filed their bill in the chancery court of Hinds county against appellant to cancel, as a cloud on their title to ten acres of land situated in the first judicial district of that county, a tax title under which appellant also claimed title thereto. The cause was heard on bill, answer, and proof, resulting in a decree in appellee's favor, from which decree appellant prosecutes this appeal.

Appellees are the true and legal owners of the land in controversy, unless the tax title under which appellant claims is good. The land was forfeited to the state for the 1925 state and county taxes. The time for redemption expired, and it was thereafter patented by the state to Florence Lewis, who conveyed it to H. W. Wood, who conveyed it to appellant.

The question is whether or not the tax sale to the state

was valid. We are of the opinion that it was not. We reach that conclusion from the following considerations: The meeting of the board of supervisors of Hinds county was being held under chapter 256, Laws 1876. The minutes show that the meetings alternated first at Jackson, for the first district in January, and at Raymond, for the second district, in February, therefore, the regular August meeting was on the first Monday of August at Raymond. Sections 5 and 6 of chapter 323, Laws 1920, in force at the time, provide for the equalization meeting and publication of notice thereof, and section 6 provides that such meeting shall be held on the first Monday in August, and that at least ten days prior thereto notice thereof shall be published in a newspaper in the county. In the enactment of this chapter the Legislature overlooked providing for equalization meetings in counties having two judicial districts. This has been done by section 3162 of the Code of 1930, which provides that in counties having two judicial districts the board shall, by order, designate on what days during August it will begin in each of the two districts its hearings on objections to the assessment rolls. At its July meeting, 1925, the board sitting for the first district at Jackson made an order providing for the equalization meeting at Raymond for the second district on the first Monday of August of that year, which was the 3d, to be continued through the 4th, 5th, and 6th, and "a continued meeting" at Jackson for the first district, beginning the 7th, which was Friday, and going through the 14th. At this adjourned meeting the assessment rolls of the first district were approved. There was no authority of law for such a meeting. The action of the board in approving the rolls was void. Hunter v. Bennett, 149 Miss. 368, 115 So. 204; Smith v. Nelson, 57 Miss. 138; Yazoo Delta Investment Co. v. Suddoth, 70 Miss. 416, 12 So. 246; Arbour v. R. R. Co., 98 Miss. 714, 54 So. 158.

The board could have provided for a special equalization meeting at Jackson for the first district under sec-

tion 298, Code 1906, which governed at the time, by making the proper order and giving the notice therein provided for, and otherwise complying with the statute. This was not done. Conceding that the proper order was made and the proper notice given for a special meeting, still the meeting was void because the notice was not copied in and made a part of the order approving the rolls as required by the statute. The statute expressly provides that the notice "shall be entered in full on the minutes of said meeting." The notice is in the nature of process to be served on the public; and, under the statute, the exclusive evidence of its service is its entry in full in the approval order of the board.

Affirmed.