## BERRYHILL v. JOHNSTON, et al.

In Banc. Mar. 28, 1949.

(39 So. (2d) 530)

**Roach & Jones,** for appellant.

44

Gordon & Gordon, for appellees.

**Montgomery, J.**

H. R. Johnston and others filed their bill of complaint alleging ownership, with proper deraignment of title, to certain lands in Amite County; that there was an attempted assessment of the lands for ad valorem taxes for the year 1934, but that said assessment was void in that, after the July 1934 meeting of the Board of Supervisors at which notice was directed, by order of the board, to be published to the taxpayers, as required by the statute, informing them that the equalization of the assessments had been completed and that the Board would, at its

August meeting, hear objections to said assessments, no such notice was in fact published. The allegation of the bill is "That the said Board of Supervisors failed to give said notice to the taxpayers of Amite County, Mississippi, . . .". The bill alleges that at the August meeting the Board failed to enter an order on its minutes finding that such notice had, in fact, been given and published and that no such order was thereafter entered on the minutes of the Board. The only order, alleged by the bill to have been entered on the minutes of the Board, was entered at the November meeting and it reads as follows: "Order of Approval of Land and Personal Tax Rolls for 1934-1935. The Land and Personal Rolls of Amite County, Mississippi, for the fiscal year 1934-1935 having been approved by the State Tax Commission of the State of Mississippi and notice having been given as required by law, and there being no protest or objections filed by the taxpayers of Amite County or any of them against the approval thereof, it is hereby ordered that the said land and Personal Roll of said county for the fiscal year 1934-1935 be and the same is hereby approved." The bill alleges that the taxes for 1934 were not paid and the tax collector of the county sold said lands for the taxes due thereon, under the pretended assessment, on the third Monday of September 1935, and, there being no bidder therefor, same were struck off to the State of Mississippi; that on July 22, 1946 a forfeited tax land patent was issued, conveying said lands to M. M. Berryhill; that said patent is void and constitutes a cloud on complainants title and should be cancelled. The State of Mississippi was made a party defendant, and there was a prayer for cancellation of said patent, which was made an exhibit to the Bill.

There was an answer on the part of the State, an answer and cross bill by Berryhill, and answers to said cross bill. After obtaining leave of the court, Berryhill withdrew his answer and cross bill and filed a demurrer to the bill. There were two grounds of demurrer: (1) There

is no equity on the face of the bill; and (2) The bill shows on its face that the tax sale was valid and that the patent vested title to the lands in Berryhill. There was a decree overruling the demurrer and allowing an interlocutory appeal to settle the principles of the case. Only Berryhill appeals.

Section 3162, Code of 1930, Section 9786, Code 1942, which was in effect at the time the assessment herein was made, requires that the board of supervisors shall equalize the assessment rolls at its July meeting and shall complete such equalization at least ten days before the August meeting, and shall immediately, by newspaper publication, notify the public that such rolls so equalized are ready for inspection and examination. By an unbroken line of decisions, this Court has uniformly held that the giving of such notice is jurisdictional and is necessary in order to confer on the board of supervisors the jurisdiction to equalize and approve the assessment rolls, and the fact that such notice was given must affirmatively appear upon the minutes of the Board of Supervisors. Rawlings v. Ladner, 174 Miss. 611, 165 So. 427; Sharp v. Smith, 180 Miss. 887, 178 So. 595; Henderson Molpus Company v. Gammill, 149 Miss. 576, 115 So. 716; Federal Land Bank v. Cox, 183 Miss. 250, 183 So. 482; Gordon v. Smith, 154 Miss. 787, 122 So. 762; Pettibone v. Wells, 181 Miss. 425, 179 So. 336.

Appellant does not dispute this principle of law but urges that it has been complied with in that the order entered on the minutes of the November meeting of the board of supervisors affirmatively recites "Notice having been given to the taxpayers as required by law." Does this meet the requirement of the statute, Section 3162, Code 1930, Section 9786, Code 1942, requiring that the board of supervisors, on completing the equalization of the assessments at its July meeting, "shall immediately by newspaper publication notify the public that such rolls so equalized are ready for inspection and examination", and does it further meet the requirement laid down by the

decisions of this Court, above enumerated, that the giving of such notice must affirmatively appear upon the minutes of the board of supervisors? We think not, for the reasons we shall now discuss.

After the giving of notice by publication, as required by Section 3162, Code 1930, Section 9786, Code 1942, as above discussed, then Section 3165, Code 1930, Section 9789, Code 1942, requires the board to hear objections to the assessments, if any are filed in response to the notice, at the August meeting of the board. Then Section 3175, Code 1930, Section 9799, Code 1942, provides that within ten days or after adjournment the board shall transmit to the State Tax Commission two copies of the recapitulation of the assessment, as equalized. Section 3177, Code 1930, Section 9801, Code 1942, then requires the State Tax Commission to equalize the assessments between the counties and direct what percentage, if any, shall be added to or taken from the assessment of one or more classes of property, and to mail a certified copy of its order to the President of the Board of Supervisors. If the order of the Tax Commission requires a percentage increase or decrease in the assessments on any class of property, Section 3178, Code 1930, Section 9802, Code 1942, requires that the taxpayers be given five days notice by publication specifying the class or classes of property to be increased or decreased, and notifying all taxpayers owning property affected by the order of the State Tax Commission that at said meeting the board of supervisors will carry out the orders of the Commission, and that any taxpayer aggrieved by the action of the board may present objections to any increase in the assessment of his property.

Now, bearing steadily in mind the foregoing steps in the statutory proceedings for the assessment of property for ad valorem taxes, and particularly the requirement of the publication of notice to the taxpayer that the rolls have been equalized and are ready for examination and inspection, before the sitting of the board to hear ob-

jections, and particularly bearing in mind the requirement of five days notice by publication to the taxpayers, after the roll has been received by the board of supervisors from the State Tax Commission, together with directions for a percentage increase or decrease in the assessment, does the order entered by the board of supervisors affirmatively show that notice was published that the rolls, at the July meeting had been equalized and were ready for examination and inspection? If it does not, the assessment is void. Let us look again to the order entered at the November meeting of the board of supervisors. It reads:

"Order of Approval of Land and Personal Tax Rolls for 1934-1935.

The Land and Personal Rolls of Amite County, Mississippi for the Fiscal Year 1934-1935 having been approved by the State Tax Commission of the State of Mississippi and notice having been given to the Taxpayers as required by law, and there being no protest or objections filed by the taxpayers of Amite County or any of them against the approval thereof, It is hereby ordered that the said land and Personal Roll of said County for the said fiscal year 1934-1935 be and the same is hereby approved."

This order does not show whether or not a percentage increase had been ordered by the State Tax Commission as provided by Section 9801, Code 1942, Section 3177, Code 1930, and consequently does not affirmatively show whether the recital with reference to notice to taxpayers refers to the notice required under Section 3162, Code 1930, Section 9786, Code 1942, or to the notice required under Section 3178, Code 1930, Section 9802, Code 1942. The order does recite that the roll had been approved by the State Tax Commission, and the reasonable inference, if any inference may be drawn at all, is that the reference to notice to taxpayers refers to the notice required by Section 3178, Code 1930, Section 9802, Code 1942, and does not refer to the notice required by

Section 3162, Code 1930, Section 9786, Code 1942. ██ █ But, be that as it may, and without deciding what inferences could be drawn, we decline to draw any inference at all for the requirement of the law is that the giving of this notice under Section 3162, Code 1930, Section 9786, Code 1942, is jurisdictional in its nature and that it must appear not by inferences but affirmatively upon the minutes of the board of supervisors that it was, in fact, given. The order entered on the minutes of the board at its November meeting, and above set out, does not affirmatively so show. Too, the demurrer admits as true the positive allegation in the bill "That the said Board of Supervisors failed to give such notice to the taxpayers of Amite County, Mississippi, . . .". The facts in this case bear close similarity to the facts in Federal Land Bank v. Cox et al., 183 Miss. 250, 183 So. 482, and it is controlling upon us here.

We are reluctant to strike down an entire assessment roll in an entire county, but when faced with the clear duty to so do we will discharge that duty without hesitation.

The lower court was correct in overruling the demurrer to the original bill, and the decree of the lower court will be affirmed.

Affirmed and remanded.