GUS MAYER CO., LTD., v. UNITED STATES FIDELITY & GUARANTY CO.

(May 5, 1930. Opinion and Decree.)
(June 2, 1930. Rehearing Refused.)

Godchaux, Saal & Milling and M. Turman Woodward, Jr., of New Orleans, attorneys for plaintiff, appellee.

Spearing & Mabry and Wm. H. McClendon, Jr., of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit for $654.88 against the surety on the official bond of Eustis McManus, clerk of the chancery court of Harrison county, Miss.

The allegations of the petition are that the plaintiff, Gus Mayer Company, Limited, a Louisiana corporation, was the owner of lots 21, 22 and 23 in block 19 of the Soria city addition to the city of Gulfport, Harrison county, Miss., having acquired the property by purchase in the year 1914; that the taxes due the state of Mississippi, city of Gulfport and county of Harrison had been paid from year to year with the exception of the taxes due the state of Mississippi and the county of Harrison for the year 1922; that without notice its property was sold for taxes by Jos. W. Havens, sheriff and tax collector of Harrison county, for the sum of $5.44, the amount due as taxes to the state of Mississippi and the county of Harrison for the year 1922, the property being adjudicated to one Mary Sanders; that the period allowed under the laws of Mississippi for the redemption of property sold at tax sale had elapsed before the bringing of this suit; that plaintiff re-acquired the property from Mary Sanders in November, 1926, at a cost of $654.88; that Eustis McManus was the clerk of the chancery court of Harrison county at the time plaintiff's property was sold, and that, according to the provisions of section 6967 of the Mississippi Code, it was his duty to inform petitioner by mailing a notice, if its post office address was known to the said clerk, or if it could be ascertained by diligent inquiry, informing plaintiff of the time of expiration of the period allowed by law for the redemption of property, which had been sold for taxes, upon penalty of the responsibility to it for actual damage sustained by reason of his dereliction in duty; that the said Eustis McManus failed to give the statutory notice; that McManus either knew plaintiff's address, or, if he did not know it, he failed to make diligent inquiry to ascertain it as required by the statute; that his failure to perform his duty in this respect was the sole cause of plaintiff having incurred the expense involved in repossessing its property, for which this suit is brought.

To this petition defendant filed an exception of no cause of action, which was overruled, whereupon it answered admitting the execution of the bond sued on, but denied all of the allegations. Subsequently a supplemental answer was filed setting up the illegality of the tax sale under chapter 323 of the laws of the state of Mississippi of 1920, and section 6937 of

Hemingway's Code. There was judgment for plaintiff as prayed for and defendant has appealed.

The exception of no cause of action is leveled at the alleged absence of any allegation in the petition that McManus could, by diligent inquiry, have discovered plaintiff's address, the argument on this point being that the averment that McManus "had failed to make diligent inquiry" was not sufficient because the statutory liability did not depend upon the fact that proper inquiry was omitted, but, it must also appear that the inquiry, if made, would have been successful. The petition declares that the clerk failed to make diligent inquiry, and that as a result of his failure the expense sued for in this petition was incurred. This allegation, considered in connection with the other facts alleged in the petition, seems to us to be ample justification for the action of the trial court in overruling the exception of no cause of action.

On the merits we observe that the Mississippi Code (section 6967) requires the tax collector to:

"* * * Make a list of lands sold to individuals, in the same maner as required of lands sold to the state, which he shall file with the clerk of the chancery court, who shall record the same in a book to be kept for that purpose; and the clerk of the chancery court shall, within ninety days and not less than sixty days prior to the expiration of the time of redemption, if the owner of the land * * * be a resident of this state and the address known to said clerk, be required to issue notice to such owner, in effect following, to-wit:

" 'State of Mississippi, County of —— to

" 'You will take notice that —— (here describe lands) —— lands assessed to you or supposed to be owned by you, was, on the —— day of —— sold to ——,

for the taxes of —— year ——, and that the title to said land will become absolute in —— unless redemption from said tax sale be made on or before —— day of ——.'

"And if said owner be a non-resident and his post office address be known, or can be ascertained after diligent inquiry, the chancery clerk shall mail to him a copy of the above required notice and note the mailing thereof upon said list * * *. If the clerk or sheriff shall fail to perform the duties herein prescribed, he shall be liable to the party injured by such default in the penal sum of twenty-five dollars, besides the actual damages sustained."

It appears from the record that plaintiff communicated with the taxing authorities in Gulfport each year, some times writing as many as four or five letters to ascertain the amount due for taxes for the several years, and that each year, following the payment of the taxes, receipts were mailed to plaintiff at its place of business, on Canal street, in New Orleans. Eustis McManus, the clerk of the chancery court of Harrison county, testified that he did not know plaintiff's address and that the extent to which he pursued his inquiry, for the purpose of ascertaining it, was to examine his mailing docket and to ask the county tax collector for it. He failed to make any inquiry at the office of the city tax collector, who had been in yearly correspondence with plaintiff, nor did he examine the records of his own office for copies of past tax receipts to ascertain whether plaintiff's address was on the receipt. (It appears that· a receipt given by his office for the year 1916 and exhibited to him on the stand, a duplicate of which was admitted to be in the tax receipt books of his office in plaintiff's name, did show plaintiff's address.) On this showing we must conclude that no proper or diligent inquiry within the meaning of the Mississippi statute referred to was made.

But it is strenuously contended that, under the laws and jurisprudence of Mississippi, the tax sale by which plaintiff's property was adjudicated to Mary Sanders was an absolute nullity, and that, consequently, whatever may have been the dereliction of McManus, with respect to the giving of notice concerning the expiration of the period allowed under the Mississippi law for redeeming property, Mary Sanders had no title, the expense involved in redeeming the property was unnecessary, and the default of McManus had caused no injury to plaintiff. In other words, it is said that defendant is not liable because it was the duty of the plaintiff, after the discovery of the tax sale to Mary Sanders, to have initiated proceedings in Mississippi to invalidate the sale, because the courts of Mississippi would have held it invalid, the grounds being that the tax rolls upon which plaintiff's property appeared were improperly published by the clerk of the board of supervisors and without proper notice thereof. Henderson Molpus Co. vs. Gammill, 149 Miss. 576, 115 So. 716. It is interesting to note that the clerk of the board of supervisors, whose duty it was to publish the assessment rolls and give due notice thereof, was Eustis McManus, the same person who occupied the office of clerk of the chancery court, and whose surety is sued in this proceeding. Consequently, the argument, in effect, is that McManus' first mistake was not injurious to plaintiff because, having made another mistake, plaintiff should have taken advantage of the legal situation created by the second mistake. But in the meantime plaintiff's property was out of his possession, the time for redemption had expired, and, since public officers are presumed to have properly discharged their functions, Mary Sanders, the adjudicatee at the tax sale, was presumptively, at least, in possession of a good title, which might have been confirmed by the courts at the end of a long and expensive litigation conducted in an adjacent state. We do not believe that plaintiff was under any obligation to adopt this means of righting the wrong which McManus was responsible for. The measure of plaintiff's duty in the situation which it found itself was to adopt such measures and pursue such course as would be suggested by ordinary prudence under the circumstances. Sutherland on Damages (4th Ed.) sec. 90. The efforts which an injured party must make to avoid the consequences of a wrongful act or omission need only be reasonable under the circumstances, his duty being limited by the rules of common sense and fair dealing. 17 C. J., Verbo "Damages," p. 768, et seq. The plaintiff's obligation, upon discovery of its loss, was to exert itself to obtain restoration of its property and to that end to employ the means and incur such expense as the circumstances obtaining would seem to reasonably require. It appears from the record that the measures adopted by the plaintiff for repossessing its property consisted of its consulting with its local attorneys, who took the matter up by correspondence with other lawyers in Gulfport, Miss., who communicated with McManus. McManus replied that he had done everything required of him by the laws of Mississippi, and suggested that the courts were open for the consideration of any claim which plaintiff might present. Evidently plaintiff's counsel concluded that the prudent thing to do was to buy the property back from the tax purchaser and, acting upon advice of its counsel, local and otherwise, plaintiff re-acquired the property by purchase from Mary Sanders at an expense of $654.88, the amount sued for herein. It is admitted that plaintiff actually paid the money for the purpose in view, and there is no contention that it was excessive. In acting upon the advice

of its counsel, we are of opinion that plaintiff took the customary, prudent, and reasonable course under the circumstances. It was not required to do more.

For the reasons assigned, the judgment appealed from is affirmed.